# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1231SI

_____

| | | |
|---|---|---|
| Christopher F. Padavich, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| John A. Thalacker, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 19, 1998

Filed: December 4, 1998

_____

Before McMILLIAN, FAGG, and BEAM, Circuit Judges.

_____

FAGG, Circuit Judge.

Law enforcement officers arrested Christopher F. Padavich for possessing marijuana, and the Iowa Department of Revenue and Finance (Department) then assessed taxes and penalties against Padavich because he neglected to pay Iowa's drug stamp tax. See Iowa Code §§ 453B.3, 453B.12 (1997). After Padavich paid the assessed taxes and penalties, an Iowa state court convicted Padavich of possession of marijuana with intent to deliver and failure to affix drug tax stamps. See id. § 124.401(1)(d); § 453B.12. The Iowa Supreme Court affirmed Padavich's conviction and sentence on direct appeal. See State v. Padavich, 536 N.W.2d 743, 745 (Iowa 1995). Padavich then petitioned the district court for writ of habeas corpus. See 28

U.S.C. § 2254 (1994). In his habeas petition, Padavich claimed the taxes and penalties assessed under Iowa's drug stamp tax were criminal penalties and his later criminal conviction for the same activity violated the Double Jeopardy Clause. The district court denied Padavich's petition, Padavich appeals, and we affirm.

Initially, the State contends Padavich procedurally defaulted his claim because he failed to present the claim to any Iowa state court. Padavich defends his failure to raise his claim in state court because it would have been futile in light of the Iowa Supreme Court's decision in State v. Lange, 531 N.W.2d 108 (Iowa 1995). In Lange, the court held the Iowa drug stamp tax was not a criminal penalty and later prosecution did not violate the Double Jeopardy Clause. See id. at 115-17. We have recognized the futility of requiring a habeas petitioner to exhaust state remedies when the state court has recently decided the same legal question adversely to the petitioner under nearly identical facts. See Hawkins v. Higgins, 898 F.2d 1365, 1367 (8th Cir. 1990); Piercy v. Black, 801 F.2d 1075, 1077-78 (8th Cir. 1986). Nevertheless, the State reminds us of the United States Supreme Court's admonishment that a defendant may not fail to raise a constitutional objection in "the state courts simply because [the defendant] thinks [the state courts] will be unsympathetic to the claim." Engle v. Isaac, 456 U.S. 107, 130 (1982). As the Supreme Court pointed out, "[e]ven a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid." Id. Although we acknowledge the possible inconsistency between this Court's holdings in Hawkins and Piercy and the Supreme Court's statement in Engle, we leave this issue for another day. Instead, we will decide Padavich's appeal on the merits because the "exhaustion rule is not a rule of jurisdiction, and sometimes 'the interests of comity and federalism [are] better served by addressing the merits.'" Thompson v. Missouri Bd. of Parole, 929 F.2d 396, 398 (8th Cir. 1991) (quoting Granberry v. Greer, 481 U.S. 129, 134 (1987)); see 28 U.S.C. § 2254(b)(2) (Supp. II 1996) (permitting denial on merits of habeas petition without requiring applicant to exhaust state court remedies). "This is particularly true when the claim is non-meritorious." Thompson, 929 F.2d at 398.

Turning to the merits of Padavich's double jeopardy claim, we review the district court's legal conclusions de novo and its factual findings for clear error. See Frey v. Schuetzle, 151 F.3d 893, 897 (8th Cir. 1998). Whether the Iowa drug stamp tax act is a criminal or civil penalty is initially a matter of statutory construction. See Hudson v. United States, 118 S. Ct. 488, 493 (1997). When the state legislature has expressly given a tax statute a civil label, as Iowa's legislature has in this case, we must decide whether Iowa's statutory scheme is "so punitive either in purpose or effect as to transfor[m] what was clearly intended as a civil remedy into a criminal penalty." Hudson, 118 S. Ct. at 493 (internal quotations and citations omitted); accord United States v. Ursery, 518 U.S. 267, 290 (1996); Department of Revenue of Montana v. Kurth Ranch, 511 U.S. 767, 780-83 (1994). Only the clearest proof will be sufficient to transform into a criminal penalty what the legislative body intended to be a civil remedy. See Hudson, 118 S. Ct. at 493.

In considering the punitive form and effect of Iowa's drug stamp tax act, we are guided by the Supreme Court's opinion in Kurth Ranch. In Kurth Ranch, the Court evaluated certain features of Montana's drug tax statute and concluded the statute operated as a punishment implicating the Double Jeopardy Clause. At the outset, the Court stated that "neither a high rate of taxation nor an obvious deterrent purpose automatically marks this tax as a form of punishment." Kurth Ranch, 511 U.S. at 780. The Court decided, however, the rate of taxation and the tax's deterrent purpose, combined with the fact that the tax was conditioned on the commission of a crime, was exacted only after the taxpayer's arrest for the same conduct giving rise to the tax obligation, and was levied on goods the taxpayer did not own or possess when the tax was imposed, rendered the tax punitive. See id. at 780-83.

Although the Iowa statute has both a high rate of taxation and an obvious deterrent purpose, the statute lacks the other punitive features the Supreme Court found controlling in Kurth Ranch. Iowa's drug stamp tax is not conditioned on the commission of a crime. The statute allows an individual to possess, manufacture,

purchase, produce, or transport drugs illegally without incurring tax liability or penalties, provided either the individual's activities involve less than the amount of drugs specified in the drug stamp tax statute or the individual timely pays the mandated tax. See Iowa Code §§ 453B.1(3), 453B.3. Also, the Iowa tax is not exacted only after the taxpayer has been arrested for the conduct giving rise to the tax obligation, but is "due and payable immediately upon manufacture, production, acquisition, purchase, or possession" of specified drugs. Id. § 453B.3; see id. § 453B.1(3). Additionally, the Iowa statute forbids the Department to reveal any information provided by a taxpayer, does not require law enforcement officers to report individuals charged with failure to affix drug tax stamps to the Department, and prohibits the use in any criminal proceeding of information received from a taxpayer unless the information is obtained from a source other than the Department. See id. §§ 453B.9, 453B.10.

Having considered Iowa's drug stamp tax as a whole, we conclude the statute is not a criminal punishment and Padavich's conviction does not implicate the Double Jeopardy Clause. We thus affirm the district court's denial of Padavich's habeas petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-