# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4034

_____

| | | |
|---|---|---|
| Nicholas Gentry, | * | |
| | * | |
| Petitioner - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Virgil Lansdown, | * | |
| | * | |
| Respondent - Appellee. | * | |

_____

Submitted: April 22, 1999
Filed:  May 10, 1999

_____

Before MCMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Nicholas Gentry appeals the dismissal of his 28 U.S.C. § 2254 petition, claiming that the district court[1] erred in finding that he has failed to exhaust his state remedies.

Gentry pleaded guilty to one count each of first and second degree robbery and was sentenced in 1981 to a total of twenty-five years.  On January 14, 1997, the Missouri Board of Probation and Parole (MBPP) notified him of its calculation of his good time credit.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

After reviewing this information, Gentry filed a petition for a writ of habeas corpus in a Missouri circuit court under Mo. Sup. Ct. R. 91 ("Rule 91"). He alleged that the MBPP's failure to calculate his good time credit in accordance with the rules in effect at the time of his sentencing lengthened his sentence by twenty-five months, thus violating both the due process and ex post facto clauses of the Constitution. His petition was denied by the circuit court without explanation, and it was summarily denied by the Missouri Supreme Court on the day it was received.

Gentry then filed this 28 U.S.C. § 2254 petition in federal district court. The district court concluded Gentry had not properly exhausted his state remedies and dismissed his petition without prejudice. Gentry appealed, claiming that he had fairly presented the merits of his claims in Missouri and that the district court had erred in concluding that the summary denials in state court were not decisions on the merits. Gentry was released on parole before oral argument in this court, but his federal habeas petition is not moot because he remains subject to parole restrictions and in the legal custody of the Missouri Department of Corrections until the expiration of his sentence. See Spencer v. Kemna, 118 S. Ct. 978, 983 (1998); Jones v. Cunningham, 371 U.S. 236, 243 (1962). Our review of the legal conclusions of the district court is de novo. See Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998).

To satisfy the exhaustion requirement, Gentry must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue. See Graham v. Solem, 728 F.2d 1533, 1535 (8th Cir. 1984)(en banc); see also 28 U.S.C. § 2254(b)(1), (c); Anderson v. Harless, 459 U.S. 4, 6 (1982)(per curiam); Hawkins v. Higgins, 898 F.2d 1365, 1367 (8th Cir. 1990). A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits. See Castille v. Peoples, 489 U.S. 346, 351 (1989). The state argues that Gentry has done neither.

2

The state argues both that the state courts have not reached the merits of his claims and that he has not properly presented them. It cites in support Byrd v. Delo, 942 F.2d 1226, 1232 (8th Cir. 1991), in which this court found that the Missouri Supreme Court's summary dismissal of a Rule 91 petition on the day it was filed was not a decision on the merits. Id. at 1232. We conclude under the reasoning of Byrd that the Missouri Supreme Court found Gentry's petition under Rule 91 procedurally inappropriate.[2] The state also asserts that the proper procedural mechanism for Gentry to use in the Missouri court system is to file a petition for declaratory judgment in the circuit court under Mo. Sup. Ct. R. 87, that the merits of claims for good time credit have been consistently addressed in this manner. See, e.g., Badgley v. Missouri Dep't of Corrections, 977 S.W.2d 272 (Mo. Ct. App. 1998); Jones v. Caspari, 892 S.W.2d 398 (Mo. Ct. App. 1995)(per curiam). Because the state courts have not yet ruled on the merits of his claim since his Rule 91 petition was found procedurally wanting and because there remains a presently available state procedure for determining the merits of his claims, he has not yet exhausted his state remedies.

Accordingly, we affirm the judgment of the district court.

---

[2]It would have been helpful to have had a statement by the Missouri Supreme Court indicating the nature of the procedural problem it found. The state concedes that the petition was timely filed, and Missouri courts have approved the use of Rule 91 in somewhat similar circumstances in the past. See State ex rel. Jones v. Cooksey, 830 S.W.2d 421, 426 (Mo. 1992)(en banc) (challenge to administrative calculation of credit for time served); see also State ex rel. Simmons v. White, 866 S.W.2d 443, 445 n.3 (Mo. 1993)(en banc) (dictum addressing confinement past expiration of sentence).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.