# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4161

_____

Edwin Lee Jackson,                          *
                                            *
            Appellant,                      *
                                            *   Appeal from the United States
      v.                                    *   District Court for the
                                            *   Western District of Missouri.
Dave Dormire, Superintendent;               *
Jeremiah (Jay) Nixon, Attorney              *
General of the State of Missouri,           *
                                            *
            Appellees.                      *

_____

Submitted:  May 7, 1999
    Filed:  June 1, 1999

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and MURPHY, Circuit
    Judges.

_____

PER CURIAM.

        Edwin Lee Jackson appeals from the district court's dismissal of his 28 U.S.C. § 2254 petition without prejudice for failure to exhaust state remedies, and from the denial of his motion to reconsider. We remand with instructions to allow Jackson to amend his complaint to delete all claims for which he had not instituted state post-conviction proceedings by April 24, 1997.

A Missouri jury convicted Jackson of first degree murder.  See Missouri v. Jackson, 789 S.W.2d 801, 801 (Mo. Ct. App. 1990).  Jackson appealed from the conviction and from the denial of his post-conviction motion.  The Missouri Court of Appeals consolidated the appeals, and affirmed on April 3, 1990.  Jackson filed this federal habeas action on April 23, 1997, raising seventeen claims, which included two counts of trial error, one count of ineffective assistance of trial counsel, three counts of ineffective assistance of post-conviction appellate counsel, and eleven counts of ineffective assistance of direct-appeal counsel.  On May 2, 1997, Jackson filed a motion to recall the mandate in the Missouri Court of Appeals, raising all of his ineffective-assistance claims.  The state court denied this motion on May 27, 1997.  Based on the State's argument that some of his claims were not yet exhausted, Jackson filed a second motion to recall the direct-appeal mandate.

In October 1997, the district court dismissed the case without prejudice for failure to exhaust state remedies.  Jackson filed a motion for reconsideration, indicating that, unbeknownst to him, the Missouri Court of Appeals had in fact denied his second motion to recall the mandate by the time he filed his response in this proceeding, and thus his state remedies had been exhausted.  The district court denied the motion, and Jackson timely appealed both the dismissal and the denial of his motion for reconsideration.  This court granted a certificate of appealability.

The State now concedes that Jackson's eleven claims of ineffective assistance of direct-appeal counsel were raised in his first motion to recall the mandate, and were denied by the state court on May 27, 1997, but argues that they were not timely exhausted because the motion to recall the mandate was filed outside the one-year limitations period for filing federal habeas actions.  We agree with the State that, because Jackson filed his first motion to recall the mandate only after the expiration of the one-year limitations period, the claims he raised in that motion were not exhausted in time to raise them in a federal habeas action.  See 28 U.S.C. § 2244(d); Moore v. United States, No. 98-1153, slip op. at 7 (8th Cir. Apr. 16, 1999) (for convictions

before April 23, 1996, last day to file 28 U.S.C. § 2255 motion is April 24, 1997). Although normally the limitations period is tolled during the pendency of state postconviction proceedings, see 28 U.S.C. § 2244(d)(2), the limitations period was not tolled during the pendency of Jackson's motion to recall the mandate because he did not file it until May 2, some days after the limitations period had expired.

To allow Jackson to return to state court and exhaust after the one-year statutory limitations period has expired would defeat the purpose of the Antiterrorism and Effective Death Penalty Act of 1996 to expedite federal habeas review, see Parker v. Johnson, 988 F. Supp. 1474, 1477 (N.D. Ga. 1998), and would lead to inequities depending upon the length of time a district court takes to rule on a motion to dismiss. Jackson instead should have been given the option to amend his petition to proceed with the claims he had exhausted by April 24, 1997. See Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996) (when petition includes both exhausted and unexhausted claims, petition must be dismissed or petitioner must elect to proceed on only exhausted claims) (citing Rose v. Lundy, 455 U.S. 509 (1982)); Parker, 988 F. Supp. at 1477 (allowing petitioner to amend complaint to delete unexhausted claims).

Accordingly, we remand with instructions to allow Jackson to amend his petition to delete those claims for which he had not instituted state post-conviction proceedings by April 24, 1997.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-