**Reede Mitchell DOTY, Petitioner,**

v.

**Mark LUND, Warden, Respondent.**

**No. C98–3012–MWB.**

United States District Court,
N.D. Iowa,
Central Division.

Nov. 22, 1999.

Teresa A. O'Brien, Sioux City, IA, for Petitioner.

Robert P. Ewald, Asst. Iowa Atty. Gen., Des Moines, IA, for Respondent.

## ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

BENNETT, District Judge.

This petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 comes before the court on the October 6, 1999, Report and Recommendation of United States Magistrate Judge Paul A. Zoss. Because the petition was a "mixed petition," containing both exhausted and unexhausted claims, Judge Zoss recommended that the petition be dismissed without prejudice. Petitioner Doty filed objections to the Report and Recommendation on November 1, 1999. Therefore, the court must decide whether to accept, reject, or modify the recommended disposition of the case in light of Doty's objections. *See* 28 U.S.C. § 636(b)(1).

More specifically, in his Report and Recommendation, Judge Zoss concluded that Doty's petition for *habeas corpus* relief involved some claims that were procedurally defaulted, one claim that was immune to *habeas corpus* review, and only one claim that was procedurally exhausted and otherwise reviewable. First, Judge Zoss concluded that, to the extent that Doty had presented his claim of newly-discovered, exculpatory evidence to the Iowa courts in

post-conviction relief (PCR) proceedings, he had done so as a challenge to state law and procedure, and that the claim was adjudicated as a matter of state law. Therefore, Judge Zoss concluded that this claim had not been "fairly presented" to the Iowa courts as a federal constitutional claim, and consequently was unexhausted and procedurally defaulted. Judge Zoss also concluded that Doty's claim of ineffective assistance of counsel had been raised either only vaguely or not at all in Doty's direct appeal and PCR proceedings, and thus was not exhausted and was now procedurally defaulted. Judge Zoss next concluded that Doty's claim of improper admission of polygraph evidence had been presented to Iowa courts as a question of state law and disposed of on that authority, and thus was immune to *habeas corpus* review. Judge Zoss found that Doty had not raised in any state-court proceeding his present contention that judicial bias and failure of the trial judge to recuse himself led to the improper admission of the polygraph evidence. The judicial bias argument is based on the revelation, in an unrelated decision of the Iowa Supreme Court, *State v. Mann*, 512 N.W.2d 528 (Iowa 1994), that the state-court judge who presided over the bench trial of the sexual abuse charges against Doty had himself been a victim of sexual abuse as a young teenager.[1] Judge Zoss concluded that the allegation of judicial bias was a separate claim that could not be raised for the first time in this court on *habeas corpus* review. Therefore, he concluded that this claim, as well as the entire claim founded on the admission of the polygraph evidence, was unexhausted and procedurally defaulted. Finally, Judge Zoss found that, unlike the other claims presented here, Doty's claim of an involuntary, coerced confession had been fully exhausted in state proceedings. Although this last claim was therefore reviewable on a petition for *habeas corpus*

---

1. Doty was convicted in 1990 of three counts of sexually abusing his ten-year-old daughter. The convictions were affirmed on appeal, *see State v. Doty*, No. 90–1125 (Iowa Jan. 21, 1992), and Doty's PCR application was also denied by the district court and on appeal. *See Doty v. State*, No. 96–292 (Iowa Ct.App. June 26, 1997).

relief, Judge Zoss nonetheless concluded that *all* of the claims in Doty's "mixed petition," which contained exhausted and unexhausted claims, should be dismissed without prejudice, citing *Murray v. Wood,* 107 F.3d 629, 632 (8th Cir.1997).

Doty objects only to that part of Judge Zoss's Report and Recommendation recommending dismissal without prejudice of his claim of judicial bias and failure to recuse. Doty argues that, even though his PCR counsel was aware of the *Mann* case as it proceeded through the Iowa Supreme Court, and delayed pursuing a similar issue of judicial bias and failure to recuse in Doty's case pending appellate disposition of the claim in *Mann,* that approach was justified, as was counsel's decision not to raise the claim in any state-court proceeding after the decision of the Iowa Supreme Court in *Mann* was unfavorable to Doty's position. In these circumstances, Doty argues that this claim is not procedurally defaulted, because pursuing the claim in state court might have been deemed frivolous and might have subjected PCR counsel to sanctions. Doty also relies on a recent decision of another judge of this court granting *habeas corpus* relief to the defendant in *Mann,* notwithstanding the Iowa Supreme Court's refusal to grant that defendant any relief, arguing that Doty was in exactly the same position as the defendant in *Mann.* Returning to the question of procedural default, Doty asserts, without specific explanation, that he should be allowed to pursue *habeas corpus* relief under the exceptions to exhaustion established in 28 U.S.C. § 2254(b)(1)(B)(i) and 2254(b)(1)(B)(ii). Also without explanation, Doty asserts that his case "is a pre-Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 [case]," and, as a consequence, he is entitled to pursue his claim if he shows that attempts to exhaust state remedies would be "futile." In order to demonstrate "futility," Doty claims that there was "just no way" for him to pursue the judicial bias and recusal issue in state court at the time of his PCR application in light of *Mann.* He also argues that there is no sensible course to take in state court

now, even in light of the *habeas corpus* relief granted to the defendant in *Mann* for several reasons. He argues that it will take an unreasonable amount of time to get the issue through the state courts, and the respondent will likely argue that a claim for PCR relief on this ground is untimely. He also argues that the viability of the issue by the time any PCR case reaches the Iowa Supreme Court is uncertain, since his claim may be "mooted" by a decision of the Eighth Circuit Court of Appeals on appeal of the *habeas corpus* relief granted to the defendant in *Mann.*

■ The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose,* 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied,* 519 U.S. 860, 117 S.Ct. 164, 136 L.Ed.2d 107 (1996); *Grinder v. Gammon,* 73 F.3d 793, 795 (8th Cir.1996) (citing *Belk v. Purkett,* 15 F.3d 803, 815 (8th Cir.1994)); *Hudson v. Gammon,* 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk* ). Because objections have been filed in this case, the court must conduct a *de novo* review.

However, the plain language of the statute governing review provides only for *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, the court concludes that it must make a *de novo* review only of the recommended dis-

missal of Doty's judicial bias and recusal claim, because it is only to the portion of the Report and Recommendation regarding this claim that Doty has made objections.

The court has made the necessary review by examining the record considered by Judge Zoss in light of Doty's objections to Judge Zoss's Report and Recommendation. The court concludes that Doty's objections must be overruled and Judge Zoss's Report and Recommendation accepted.

■ Section 2254, as amended by the AEDPA, provides for exhaustion of state remedies, and exceptions to the exhaustion requirement, as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b).[2] Thus, "[a] state prisoner wishing to raise claims in a federal petition for habeas corpus ordinarily must first present those claims to the state court and must exhaust state remedies." *Weeks v. Bowersox*, 119 F.3d 1342, 1349 (8th Cir.1997) (*en banc*), *cert. denied*, 522 U.S. 1093, 118 S.Ct. 887, 139 L.Ed.2d 874 (1998). The petitioner has "the burden to show that all available state remedies ha[ve] been exhausted or that exceptional circumstances existed" making exhaustion unnecessary. *See Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir.1998); *accord Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir.1999) ("To satisfy the exhaustion requirement, [the petitioner] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue."). Claims are not exhausted—that is, have not been "fairly presented" to the state court—unless "the state court rules on the merits of [the petitioner's] claims, or [the petitioner] presents his claims in a manner that entitles him to a ruling on the merits." *Gentry*, 175 F.3d at 1083; *see also* 28 U.S.C. § 2254(c) (a claim is not exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented").

■ Doty does not challenge Judge Zoss's conclusion that his claim of judicial bias and failure to recuse is unexhausted. Doty concedes that he has not raised his claim of judicial bias and failure to recuse in any procedure in state court. *See* 28 U.S.C. § 2254(c); *Gentry*, 175 F.3d at 1083. Rather, Doty challenges Judge Zoss's conclusion that exhaustion of that claim is required.

This court agrees with Judge Zoss that exhaustion of Doty's claim of judicial bias and failure to recuse is required. Doty does not argue that there is "an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), and, indeed, could not argue persuasively that such is the case, when Iowa provides a procedure for post-conviction relief. *See* IOWA CODE CH. 822. Doty seems to argue

---

**2.** The AEDPA amendments to subsection (b) simply changed the format, but not the content, of this provision. *See* 28 U.S.C. § 2254(b) (1994). Thus, the exhaustion requirement and exceptions to it were stated in the same language used in the pre-AEDPA version of the statute. Doty asserts that exhaustion requirements should be considered in light of pre-AEDPA "futility" standards, arguing, without explanation, that his "case is a pre-[AEDPA] [case]." The AEDPA is gener-

ally inapplicable to *habeas corpus* petitions filed before April 24, 1996, its effective date. *See Lindh v. Murphy*, 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Doty's *habeas corpus* petition was filed on January 5, 1998, well after the effective date of the AEDPA. Thus, Doty's case clearly is not a "pre-AEDPA" case. Even if it were, Doty cannot take shelter under the "futility" exception, as explained below in the body of this opinion.

instead that "circumstances exist that render such process ineffective to protect" his rights. *See* 28 U.S.C. § 2254(b)(1)(B)(ii). Those circumstances, he contends, are that the Iowa Supreme Court's ruling in *Mann* made pursuing his own PCR application on the judicial bias and failure to recuse issue "futile." Because the Iowa Supreme Court's ruling in *Mann* was on the claim of a petitioner in exactly the same circumstances as Doty, and that ruling was unfavorable, Doty argues that his PCR counsel was faced with the possibility that the Iowa Supreme Court would sanction him for a frivolous PCR application.

The Eighth Circuit Court of Appeals was recently confronted with the question of the "futility" of exhausting state remedies in the face of contrary state authority in *Padavich v. Thalacker*, 162 F.3d 521 (8th Cir.1998), *cert. denied,* — U.S. —, 119 S.Ct. 2374, 144 L.Ed.2d 778 (1999). In *Padavich*, the court observed,

> We have recognized the futility of requiring a habeas petitioner to exhaust state remedies when the state court has recently decided the same legal question adversely to the petitioner under nearly identical facts. *See Hawkins v. Higgins*, 898 F.2d 1365, 1367 (8th Cir. 1990); *Piercy v. Black*, 801 F.2d 1075, 1077–78 (8th Cir.1986). Nevertheless, the State reminds us of the United States Supreme Court's admonishment that a defendant may not fail to raise a constitutional objection in "the state courts simply because [the defendant] thinks [the state courts] will be unsympathetic to the claim." *Engle v. Isaac*, 456 U.S. 107, 130, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). As the Supreme Court pointed out, "[e]ven a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid." *Id.*

*Padavich*, 162 F.3d at 522. Although the Eighth Circuit Court of Appeals "acknowledge[d] the possible inconsistency between this Court's holdings in *Hawkins* and *Piercy* and the Supreme Court's statement in *Engle*," the court found that it could "leave this issue for another day," because it was appropriate to rule on the merits of the *habeas corpus* claim then before it, not least because the claim was "non-meritorious." *Id.*

In this case, however, this court concludes that the existence of state authority contrary to the petitioner's position does not somehow render the entire PCR process of the state of Iowa "ineffective" to protect the petitioner's rights, the statutory standard for excusing exhaustion. *See* 28 U.S.C. § 2254(b)(1)(B)(ii). Rather, the very purpose of the exhaustion requirement is that it "allows the states to correct any possible constitutional violations without unnecessary intrusion by the federal courts and allows the state courts to create a factual record should the matter proceed to federal court," although "federal courts will consider all federal legal issues de novo." *Weeks*, 119 F.3d at 1349–50. This court believes it is equally important to federal-state comity to allow the state courts the opportunity to correct or limit state precedent as it is to allow the state court to correct any errors in a particular case. *Cf. Engle*, 456 U.S. at 130, 102 S.Ct. 1558 ("Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid."). Therefore, while the Iowa Supreme Court's decision in *Mann* may have made Doty's success on a similar PCR claim unlikely, it did not make a PCR application on that claim "futile" or "render [Iowa's PCR] process ineffective to protect" his rights. *See* 28 U.S.C. § 2254(b)(1)(B)(ii). Furthermore, Doty never gave the Iowa courts the opportunity to determine whether there were any determinative factual distinctions between his case and *Mann*, or the opportunity to establish a factual record from which this court, on *habeas corpus* review, could consider whether there are determinative factual distinctions between his case and *Mann. See Weeks*, 119 F.3d at 1350 (exhaustion allows the state court the opportunity to create a factual record on which

to proceed in a subsequent federal proceeding).

■ Nor is Doty's argument that a PCR application based on the claim of judicial bias might now be untimely a persuasive ground for ignoring exhaustion requirements. As the Eighth Circuit Court of Appeals recently explained,

> A state prisoner who attempts to exhaust his state remedies may run afoul of state procedural requirements. A state prisoner who fails to adhere to state-defined procedures or fails to meet state-imposed time requirements in the state courts may default on his claims in the state courts.... Generally, federal courts will not consider a state prisoner's federal habeas claim if the state court found the claim to have been defaulted. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2564, 115 L.Ed.2d 640 (1991).

*Weeks,* 119 F.3d at 1350. Although no Iowa court has yet ruled on the timeliness of Doty's assertion of his judicial bias claim, such a procedural impediment to state relief should be decided first by an Iowa court, even though such a procedural default will likely foreclose *habeas corpus* review of the judicial bias claim as well. *Id.*

■ Doty also seems to suggest that it is permissible in this case to bypass state exhaustion requirements, because the decision in *Mann,* and the unfavorable decision he anticipates he would receive in state court, are contrary to federal law. This seems to be the upshot of Doty's reliance on the favorable decision rendered by a judge of this court on the *habeas corpus* petition of the defendant in *Mann* and Doty's passing reference to 28 U.S.C. § 2254(d)(1) in his brief. Subsection 2254(d)(1), however, is inapplicable, because it applies only to "any claim that was adjudicated on the merits in State court proceedings." *See* 28 U.S.C. § 2254(d). Doty's judicial bias claim was never presented to, let alone adjudicated by, any Iowa court. Furthermore, a federal *habeas corpus* application may be granted, notwithstanding contrary adjudication by the state courts, only if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States.*" 28 U.S.C. § 2254(d)(1) (emphasis added). Although this court might find that the decision on the *habeas corpus* petition of the defendant in *Mann* is persuasive, that decision was rendered by a federal *district* court, not by the Supreme Court of the United States. Therefore, that *habeas corpus* decision does not, by itself, constitute "clearly established Federal law" that would provide a ground for *habeas corpus* relief on Doty's judicial bias claim, *compare* 28 U.S.C. § 2254(c), or any basis for hearing such a claim, notwithstanding his failure to exhaust that claim in the Iowa courts.

It is true, however, that subsection 2254(b)(2) provides that "[a]n application *may be denied on the merits,* notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (emphasis added). In *Padavich,* the Eighth Circuit Court of Appeals noted that a court on *habeas corpus* review may reach the merits of unexhausted claims, "because the 'exhaustion rule is not a rule of jurisdiction, and sometimes "the interests of comity and federalism [are] better served by addressing the merits." ' " *See Padavich,* 162 F.3d at 522 (quoting *Thompson v. Missouri Bd. of Parole,* 929 F.2d 396, 398 (8th Cir.1991), in turn quoting *Granberry v. Greer,* 481 U.S. 129, 134, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), and also citing 28 U.S.C. § 2254(b)(2)). However, the court in *Padavich* also noted that " '[t]his is particularly true when the claim is non-meritorious.' " *Id.* (again quoting *Thompson,* 929 F.2d at 398); *and compare* 28 U.S.C. § 2254(b)(2) (expressly stating that an unexhausted *habeas* claim "may be *denied* on the merits") (emphasis added). Doty is seeking consideration of the claim, not denial of the claim, notwithstanding his failure to exhaust it. Thus, neither subsection 2254(b)(2) nor *Padavich* provides a

basis for hearing Doty's unexhausted judicial bias claim notwithstanding his failure to exhaust that claim.

■ Although Doty does *not* challenge Judge Zoss's conclusions that the petition contains both exhausted and unexhausted claims and that such a "mixed petition" should be dismissed without prejudice, the undersigned finds that there is some question as to the proper course for the district court to take when confronted with such a "mixed" petition. In *Murray v. Wood*, 107 F.3d 629 (8th Cir.1997), upon which Judge Zoss relied, the Eighth Circuit Court of Appeals found that, "[f]ederal courts cannot maintain jurisdiction over so-called 'mixed petitions.'" *Murray*, 107 F.3d at 632 (citing *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989), and *Victor v. Hopkins*, 90 F.3d 276, 279–80 (8th Cir.1996), *cert. denied*, 519 U.S. 1153, 117 S.Ct. 1091, 137 L.Ed.2d 224 (1997)); *and compare Padavich*, 162 F.3d at 522 (exhaustion is not a jurisdictional requirement). The court therefore held that, "[w]hen presented with a petition containing both exhausted and unexhausted claims, a district court must *either* dismiss the entire claim without prejudice or permit the petitioner to dismiss the unexhausted claims." *Id.* (emphasis added). In *Murray*, the appellate court directed the district court "to afford [the petitioner] a reasonable opportunity to dismiss the unexhausted claims," noting that, "absent [the petitioner's] willingness to do so, the District Court should dismiss the entire petition without prejudice." *Murray*, 107 F.3d at 632. More recently, the Eighth Circuit Court of Appeals concluded that "[t]o allow [a petitioner] to return to state court and exhaust after the one-year statutory limitations period [for *habeas corpus* petitions] has expired would defeat the purpose of the [AEDPA] to expedite federal habeas review, and would lead to inequities depending upon the length of time a district court takes to rule on a motion to dismiss." *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir.1999). Therefore, the court remanded that case "with instructions to allow [the petitioner] to amend his petition to delete those claims for which he had not instituted state post-conviction proceedings by" the deadline for *habeas corpus* applications. *Id.* If a petitioner does not amend the petition to include only exhausted claims, however, the court may properly dismiss the "mixed petition" in its entirety. *See Victor v. Hopkins*, 90 F.3d 276, 282 (8th Cir.1996).

In light of the clarification provided by *Jackson*, it is improper simply to dismiss Doty's *habeas corpus* petition without prejudice, because Doty has not yet been given the opportunity to amend his petition to assert only his properly exhausted claim, the claim of an involuntary, coerced confession. *See Jackson*, 180 F.3d at 920. Doty premised his objections to Judge Zoss's Report and Recommendation on the ground that his judicial bias claim need not be exhausted to be heard on *habeas corpus* review. He did not thereby give any indication of what he will do if the court finds that his judicial bias claim must be exhausted. Because this court has now made clear that the judicial bias claim must be, but has not been, exhausted, the proper course is not dismissal of the "mixed petition." Instead, Doty should be put to the choice required by *Jackson*, *Murray*, and *Victor*: He must decide whether to amend his petition to assert only the involuntary confession claim or face dismissal of his entire petition without prejudice and attempt to begin his *habeas corpus* petition anew after attempting to exhaust his judicial bias claim.

THEREFORE, this court overrules Doty's November 1, 1999, objections to Judge Zoss's Report and Recommendation of October 6, 1999. However, pursuant to 28 U.S.C. § 636(b)(1), Judge Zoss's Report and Recommendation of October 6, 1999, is modified to allow Doty to and including December 26, 1999, to file an amended petition asserting *only* his claim of an involuntary confession. If Doty fails to file a timely amendment to his petition that complies with the requirements of this order,

then his entire petition shall be dismissed without prejudice.

IT IS SO ORDERED.