Dennis A. SCHNEIDER, Petitioner,

v.

Russell B. JERGENS, Palo Alto County Sheriff, Respondent.

No. C 02–3056–MWB.

United States District Court, N.D. Iowa, Central Division.

June 26, 2003.

Timothy J Braunschweig, Algona, IA, for Plaintiff.

James A Clarity Clarity Law Firm, Spirit Lake, IA, for Defendant.

## MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

BENNETT, Chief Judge.

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................... 1077

II.  LEGAL ANALYSIS ............................................. 1077
     A.   Standard Of Review For A Report and Recommendation ................. 1077
     B.   Procedural Default ..................................... 1078
          1.   The recommended disposition ...................... 1078
          2.   The State's objection and Schneider's response .................... 1079
          3.   Analysis ......................................... 1079
               a.   Nature of the claim ......................... 1079
               b.   The proper time to assert the claim ............................ 1080
     C.   Exhaustion Of State Remedies ........................... 1081
          1.   The recommended disposition ...................... 1081
          2.   The State's objection and Schneider's response .................... 1081
          3.   Analysis ......................................... 1082
     D.   "Mixed Petition" ...................................... 1083

III. CONCLUSION ................................................ 1084

## I.  INTRODUCTION

In his petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254, petitioner Dennis A. Schneider challenges the constitutionality of a "no contact" order issued by the Palo Alto County District Court on April 1, 1999.  As a result of a violation of that "no contact" order, Schneider was found guilty of criminal contempt and sentenced to confinement in the Palo Alto County Jail for 30 days, to be served prior to August 1, 2002.  In this action, Schneider challenges, among other things, the constitutionality of the procedure for review of criminal contempt convictions in Iowa.  Schneider argues that the review procedure violates the due process and equal protection rights of a person found guilty of contempt and subjected to loss of liberty by failing to afford such a person appellate review.  Schneider argues that such a person is limited to discretionary review by petition for *certiorari*, even though all other individuals in the State of Iowa whose liberty is placed in jeopardy are afforded a right of appeal under the Iowa Rules of Criminal Procedure.

This matter comes before the court pursuant to the June 11, 2003, Report and Recommendation (docket no. 52) of United States Magistrate Judge Paul A. Zoss recommending that the motion to dismiss filed by the respondent-intervenor State of Iowa on March 13, 2003 (docket no. 35), be denied.  The State's motion to dismiss, like the State's intervention, focuses on the first ground for relief asserted by Schneider, his contention that the procedure for review of criminal contempt convictions in Iowa is unconstitutional.

In his Report and Recommendation on the State's motion to dismiss this claim, Judge Zoss concluded that, contrary to the State's contentions, Schneider had not procedurally defaulted this claim, nor had he failed to exhaust state remedies.  Therefore, Judge Zoss concluded that the present *habeas* petition was not a "mixed petition"—including both exhausted and unexhausted claims—which would be subject to dismissal without prejudice, unless the petitioner amended his petition to assert only the exhausted claims.  Moreover, again contrary to the State's contentions, Judge Zoss concluded that Schneider's first claim for *habeas* relief did state a claim upon which relief could be granted.  Therefore, Judge Zoss recommended that the court deny the State's motion to dismiss.  Finally, if the State's motion to dismiss is not granted, Judge Zoss recommended that the court certify the question of the constitutionality of the review procedure for criminal contempt actions to the Iowa Supreme Court.  On June 20, 2003, the State filed objections to each of these conclusions and recommendations, accompanied by an extensive brief.  On June 23, 2003, Schneider filed a resistance to the State's objections.

## II.  LEGAL ANALYSIS

### A.  Standard Of Review For A Report and Recommendation

■  The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).  The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such re-

view is required. *See, e.g., Hosna v. Groose,* 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied,* 519 U.S. 860, 117 S.Ct. 164, 136 L.Ed.2d 107 (1996); *Grinder v. Gammon,* 73 F.3d 793, 795 (8th Cir.1996) (citing *Belk v. Purkett,* 15 F.3d 803, 815 (8th Cir.1994)); *Hudson v. Gammon,* 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk* ). However, the plain language of the statute governing review provides only for *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections are filed are reviewed only for "plain error." *See Griffini v. Mitchell,* 31 F.3d 690, 692 (8th Cir.1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

In the present case, the State has filed extensive objections, invoking *de novo* review by the undersigned. The court will undertake such *de novo* review, at least to the extent that the State's objections might require a disposition of the State's motion to dismiss that is different from the one recommended by Judge Zoss.

### B. Procedural Default

#### 1. The recommended disposition

The State objects, first, to Judge Zoss's conclusion that Schneider's claim challenging the review procedure for contempt convictions was not procedurally defaulted. In the pertinent portion of his Report and Recommendation, Judge Zoss rejected the State's argument that the present case was "functionally identical" to the situation in *In re C.M.,* 652 N.W.2d 204 (Iowa 2002), a case in which the Iowa Supreme Court held that the appellant's failure to include constitutional challenges to the expedited appellate procedure in proceedings for termination of parental rights resulted in a failure to preserve those issues for review.

Judge Zoss explained, then distinguished, the holding in *In re C.M.,* as follows:

> The court [in *In re C.M.*] found the appellant had failed to preserve the constitutional issues for review, holding as follows:
>
> > The appellant did not challenge the constitutionality of the governing rules in her petition on appeal. Constitutional questions must be preserved by raising them "at the earliest opportunity after the grounds for objection become apparent." *State v. Yaw,* 398 N.W.2d 803, 805 (Iowa 1987); *accord State v. Wages,* 483 N.W.2d 325, 326 (Iowa 1992). Once the appellant filed her notice of appeal, the procedures at issue were applicable. Consequently, a challenge to the constitutionality of those procedures could have been made in the petition on review filed by the appellant. Having failed to include her constitutional claims in her petition, those issues are not preserved for review.
>
> *C.M.,* 652 N.W.2d at 207.
>
> In *C.M.,* the grounds for the appellant's constitutional objections to the appellate procedures were apparent *at the time she filed her appeal.* She had the expedited rules in termination cases before her, and could have raised her constitutional challenges to the procedures in her petition on appeal. Such is not the case here. Schneider correctly notes that the grounds for his constitutional objections were not known until his petition for certiorari was denied by the Iowa Supreme Court. The court agrees that to assert his challenge in his petition for certiorari would have been premature and speculative.

Report and Recommendation at 6–7 (emphasis in the original). For this reason, Judge Zoss concluded that Schneider's

claim concerning the allegedly unconstitutional review procedure was not procedurally defaulted.

### 2. The State's objection and Schneider's response

The State objects to this portion of Judge Zoss's Report and Recommendation by arguing, first, that Schneider admits that he has never presented to any Iowa tribunal his federal *habeas* claim that the procedure for review of contempt convictions is unconstitutional. More specifically, the State points out that no such claim was raised in Schneider's petition for *certiorari* to the Iowa Supreme Court, and consequently, the State argues that, under *In re C.M.*, the claim has been procedurally defaulted. The State contends that Judge Zoss's attempt to distinguish *In re C.M.* is unavailing, because in Schneider's case, as in *In re C.M.*, the relevant appellate procedures were apparent at the time that Schneider filed his petition for *certiorari,* and indeed, those procedures had been part of Iowa law since the 1850s. Once Schneider filed his petition for *certiorari,* the State argues, the procedures at issue were applicable and failure to challenge those procedures resulted in procedural default of any such challenge now. On the other hand, Schneider contends in his resistance to the State's objections that Judge Zoss correctly resolved the issue. Schneider asserts that the State offers nothing more now than the arguments raised in the State's original motion, which Judge Zoss addressed and correctly rejected.

### 3. Analysis

#### a. Nature of the claim

The court agrees with Judge Zoss that the critical issue on the question of whether Schneider procedurally defaulted his constitutional claim concerning the review procedure for criminal contempt convictions is whether he raised that claim "at the earliest opportunity after the grounds for objection bec[a]me apparent." *In re C.M.*, 652 N.W.2d at 207 (internal quotation marks and citations omitted). That issue, in turn, may depend upon the answer to the question, what, precisely, is Schneider's constitutional claim?

In his resistance to the State's motion to dismiss, Schneider characterizes his claim as a claim "that the denial of the request for review by certiorari under Chapter 665.11, Iowa Code, denies Dennis Schneider equal protection and due process of law." *See* Petitioner's Brief In Support Of Resistance To Respondent–Intervenor's Motion To Dismiss, 4. Thus, as characterized in his brief, it is the *denial of his petition for certiorari* that allegedly constitutes the constitutional violation. It might follow that "the earliest opportunity after the grounds for objection bec[a]me apparent," *see In re C.M.*, 652 N.W.2d at 207 (internal quotation marks and citations omitted), would be *after* the petition for *certiorari* was, in fact, denied.

However, in his petition, Schneider states his first ground for relief as follows:

> The procedure for review of contempt convictions in Iowa violates due process by failing to allow for appellate review by a person convicted and subjected to a loss of liberty, and denies equal protection to the defendant in the application. All other individuals in the state of Iowa whose liberty is placed in jeopardy or taken from them have an absolute right to appeal guaranteed by the Iowa Rules of Criminal Procedure. Dennis Schneider, [sic] was denied equal appellate review and due process of law for his loss of liberty, in violation of the Fourteenth Amendment to the United States Constitution, and Article I sections 1, 6, and 9 of the Iowa Constitution.

Petition for Habeas Corpus (docket no. 1), 10, ¶ 12(A). The court finds that the claim as framed in Schneider's petition in this

action challenges *the lack of a right of appeal* of criminal contempt convictions, where other persons subject to loss of liberty are not limited to discretionary review by petition for *certiorari*, but are instead entitled to appeal as of right under the Iowa Rules of Criminal Procedure. To put it another way, Schneider challenges *the review procedure available*, not merely the denial of *certiorari* in his case. Thus, the supposed constitutional infirmities at issue existed *whether or not Schneider's petition for certiorari was granted by the Iowa Supreme Court.* Even if the Iowa Supreme Court had *granted* Schneider's petition for *certiorari*, that would not necessarily have "mooted" Schneider's challenge to the lack of any appeal as of right from a conviction for criminal contempt, because the grant of discretionary review does not address or remedy the lack of review as of right. Similarly, denial of his petition for *certiorari* did not constitute the constitutional violation, because it was the lack of appeal as of right that allegedly violated his rights to due process and equal protection.

Moreover, however his claim is characterized, the remedy that Schneider seeks is interpretation of the review procedure to *require* the Iowa Supreme Court to grant *all* petitions for *certiorari* by persons convicted of criminal contempt, *i.e.*, turning discretionary review by *certiorari* into review as of right for criminal contempt convictions. Therefore, even when Schneider characterizes the constitutional violation as denial of his petition for *certiorari*, the attack is really upon the *available procedures for review* of convictions for criminal contempt, which is not dependent upon whether or not a particular petition for *certiorari* is granted or denied.

### b. The proper time to assert the claim

■ In light of this court's reading of the nature of Schneider's constitutional claim, this court concludes that Judge Zoss's attempt to distinguish *In re C.M.* is unavailing. As in *In re C.M.*, Schneider's constitutional objections to the review procedure for criminal contempt convictions were apparent *at the time Schneider filed his petition for certiorari. In re C.M.*, 652 N.W.2d at 207 (considering whether the petitioner raised the objection "at the earliest opportunity after the grounds for objection become apparent"). Schneider had the applicable rules before him at that time, *id.*, and, indeed, it seems likely that that is the reason that he filed a petition for *certiorari* rather than a notice of appeal. Thus, like the appellant in *In re C.M.*, Schneider could have raised his constitutional challenges to the review procedure—specifically, his challenge to the lack of appeal as of right in violation of his due process and equal protection rights—in his petition for *certiorari* and his failure to do so results in procedural default of such challenges in these proceedings. *Cf. id.* (the petitioner's failure to challenge in the petitioner's appeal the expedited appellate procedures for cases involving termination of parental rights waived such a challenge). Contrary to Judge Zoss's conclusion, the grounds for Schneider's constitutional objections *were* known before his petition for *certiorari* was denied by the Iowa Supreme Court. *Cf. id.* Therefore, assertion of his constitutional challenge to the review procedure in his petition for certiorari would *not* have been premature and speculative. This court concludes that Schneider procedurally defaulted the claim that the review procedure for criminal contempt convictions is unconstitutional, which he is now attempting to assert in these *habeas* proceedings, because he failed to assert that claim "at the earliest opportunity after the grounds for objection become apparent." *Id.* (internal quotation marks and citations omitted). The court

rejects Judge Zoss's conclusion to the contrary.

## C. Exhaustion Of State Remedies

### 1. The recommended disposition

The State also objects to Judge Zoss's conclusion that Schneider has "exhausted," or is excused from exhausting, state remedies for the constitutional violation he alleges. In the pertinent portion of his Report and Recommendation, Judge Zoss noted, first, that before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court, citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–43, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), but that a state prisoner has not done so if he has the right under the law of the State to raise, by any available procedure, the question presented, citing 28 U.S.C. § 2254(c). Thus, Judge Zoss found that the court must determine whether Schneider has the right, under Iowa law, to raise, by any available procedure, the question presented.

Judge Zoss rejected the State's contention that Schneider could still assert his constitutional claim regarding the review procedure for criminal contempt convictions by filing a petition for rehearing in the Iowa Supreme Court pursuant to Rule 6.27 of the Iowa Rules of Appellate Procedure. Judge Zoss concluded that such a step was inappropriate, because the Iowa Supreme Court had not "overlooked or misapprehended" any points of law, the grounds for rehearing stated in Rule 6.27, where the points of law at issue were not raised in Schneider's petition for *certiorari*.

Judge Zoss also rejected the State's contention that Schneider could now file an application for post-conviction relief pursuant to IOWA CODE CH. 822. Although Schneider argued that he had not been convicted of a "public offense," as required to seek post-conviction relief under IOWA CODE § 822.2, Judge Zoss concluded that it was "not crystal clear from the Iowa Code and case law" whether or not a conviction for criminal contempt is a "public offense." *See* Report and Recommendation at 12. However, Judge Zoss concluded that, under the circumstances of this case, it is not necessary to decide the issue of whether criminal contempt constitutes a "public offense," because Schneider's constitutional challenge to the review procedure for criminal contempt convictions does not fall within any of the seven types of claims that may be raised in a post-conviction relief action under IOWA CODE § 822.2. Judge Zoss then rejected the State's contention that Schneider could escape this problem by asserting the ineffectiveness of his counsel for failing to raise the constitutional claim in his petition for *certiorari*. Judge Zoss reasoned that, because he had found that the claim was not ripe until the petition for *certiorari* was denied, Schneider's counsel could not have been ineffective for failing to assert the claim in the petition for *certiorari*. Thus, Judge Zoss concluded that an "ineffective assistance" claim would be a futile exercise. He then noted that failure to exhaust state remedies is excused when, although the claim was not fairly presented to the state courts, any available state corrective process is "ineffective to protect the rights of the applicant," citing 28 U.S.C. § 2254(b)(1)(B)(ii) and *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). Finding no effective process in the State of Iowa to correct the alleged constitutional violation, Judge Zoss concluded that Schneider's claim was properly before this court and that the State's motion to dismiss on the basis of failure to exhaust State remedies should be denied.

### 2. The State's objection and Schneider's response

In its Objections, the State disputes Judge Zoss's conclusion that a conviction

for criminal contempt is not a "public offense" for purposes of post-conviction relief proceedings under IOWA CODE CH. 822. The State contends that criminal contempt fits the definition of "public offense," *see* IOWA CODE § 701.2, because it is an offense defined by statute, either IOWA CODE §§ 598.23 and 598.24, concerning contempt proceedings in dissolution of marriage cases, or IOWA CODE § 665.4(2), defining contempt generally, and it is punished by fine or imprisonment. Therefore, the State contends that Schneider could have pursued post-conviction relief, and that he still has time to do so, because the three-year statute of limitations under IOWA CODE § 822.3 has not run since his conviction on May 1, 2002. The State contends that Schneider must exhaust his state remedies for his alleged constitutional violation, because an effective means to do so remains available. The State contends that Schneider's claim, either as a constitutional violation or as an ineffective assistance of counsel claim, can be raised in post-conviction relief proceedings pursuant to IOWA CODE § 822.2. As to an ineffective assistance of counsel claim, the State contends that Judge Zoss's conclusion that such a claim was impossible is incorrect for the same reasons that Schneider *could* have raised his claims in his petition for *certiorari*. The State contends that it simply cannot be, as Judge Zoss's ruling states or implies, that there would never be a time or place, a state forum or proceeding, where Schneider should have raised his constitutional claims.

In response, Schneider contends that his counsel contacted the Iowa Attorney General's Office and was told by an attorney in that office that post-conviction relief is not available in contempt proceedings. He also strenuously asserts that criminal contempt is not a "public offense" for which post-conviction relief is available, because only one person in the state may be subject to a loss of liberty for a violation.

### 3. *Analysis*

■ The court agrees with Judge Zoss that the questions here are whether Schneider "has the right under the law of the State to raise, by any available procedure, the question presented," 28 U.S.C. § 2254(c), and whether the available corrective process is "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). The time for any motion for rehearing to the Iowa Supreme Court has clearly expired, so that a petition for rehearing is no longer an "available procedure." *See* 28 U.S.C. § 2254(c). On the other hand, post-conviction relief proceedings are clearly an "available procedure" under IOWA CODE CH. 822. *See Doty v. Lund*, 78 F.Supp.2d 898, 901 (N.D.Iowa 1999) (the petitioner could not argue persuasively that there was "an absence of available State corrective process" under 28 U.S.C. § 2254(b)(1)(B)(i), "when Iowa provides a procedure for post-conviction relief" under IOWA CODE CH. 822). Thus, the question is whether Iowa's post-conviction relief procedure is nevertheless "ineffective" within the meaning of 28 U.S.C. § 2254(b)(1)(B)(ii). *See id.* at 902.

In *Doty*, this court rejected the petitioner's contention that he had no "effective" state remedy, because the Iowa Supreme Court had ruled unfavorably on the claim of another petitioner in exactly the same circumstances as the petitioner then before this court. *See id.* at 902. This court concluded that the existence of state authority contrary to the petitioner's claim for relief did not somehow render the entire post-conviction relief process of the State of Iowa "ineffective" to protect the petitioner's rights, as required to excuse the exhaustion requirement under § 2254(b)(1)(B)(ii). *Id.* "Rather," this court explained, "the very purpose of the exhaustion requirement is that it 'allows the states to correct any possible constitu-

tional violations without unnecessary intrusion by the federal courts and allows the state courts to create a factual record should the matter proceed to federal court,' although 'federal courts will consider all federal legal issues de novo.'" *Id.* (quoting *Weeks v. Bowersox,* 119 F.3d 1342, 1349–50 (8th Cir.1997) (*en banc* ), *cert. denied,* 522 U.S. 1093, 118 S.Ct. 887, 139 L.Ed.2d 874 (1998)). This court stated its belief that "it is equally important to federal-state comity to allow the state courts the opportunity to correct or limit state precedent as it is to allow the state court to correct any errors in a particular case." *Id.* Therefore, although the fact that a prior decision by the Iowa Supreme Court made the petitioner's success on a similar claim unlikely, this court concluded that those circumstances did not make a post-conviction relief application on the claim "futile" or "'render [Iowa's post-conviction relief] process ineffective to protect' [the petitioner's] rights." *Id.*

Here, neither Schneider, the State, nor Judge Zoss was able to point to any state court decision definitively holding, or any statute definitively demonstrating, that post-conviction relief proceedings under IOWA CODE CH. 822 are unavailable for a criminal contempt conviction, or even a decision definitively holding that criminal contempt is *not* a "public offense," such that it might fall outside the scope of Iowa's post-conviction relief process. As Judge Zoss noted, after an extensive survey of Iowa law, it "is not crystal clear from the Iowa Code and case law" whether criminal contempt is or is not a "public offense." Report and Recommendation at 12. Under the circumstances, this court cannot conclude that Iowa's post-conviction relief process is necessarily "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). Rather, in light of the federal-state comity issues underlying the exhaustion requirement, this court

believes that it is proper for the state court to determine, in the first instance, whether or not post-conviction relief proceedings are available for a conviction for criminal contempt. *Cf. Doty,* 78 F.Supp.2d at 902. Thus, the court finds that Schneider cannot avail himself of the exception to the exhaustion requirement in § 2254(b)(1)(B)(ii), which is that post-conviction relief proceedings would be "ineffective" to protect his rights, and the court rejects Judge Zoss's conclusion to the contrary. If the state courts determine that a post-conviction relief application will not lie from a conviction for criminal contempt, *then* it will be clear that Schneider has both attempted to exhaust state remedies *and* that the State's post-conviction relief process is "ineffective" to protect his rights.

Nor is the court persuaded that a post-conviction relief application based on ineffective assistance of counsel is "futile," because the court rejected above Judge Zoss's conclusion about when Schneider's claim accrued. Because Schneider's counsel could have asserted Schneider's claim that the review procedure for criminal contempt convictions is unconstitutional at the time that Schneider filed a petition for *certiorari,* Schneider can now assert that his counsel was ineffective for failing to do so. Thus, Schneider's claim is cognizable under at least one of the grounds for post-conviction relief identified in IOWA CODE § 822.2.

### D. *"Mixed Petition"*

■ Because this court has concluded that the claim in question is procedurally defaulted and unexhausted, it follows that Schneider's petition for federal *habeas* relief is a "mixed petition," in that it presents both exhausted and unexhausted claims. "Federal courts cannot maintain

jurisdiction over so-called 'mixed petitions.' " *Murray v. Wood*, 107 F.3d 629, 632 (8th Cir.1997). As the Eighth Circuit Court of Appeals recently explained,

> In [*Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)], the Supreme Court adopted "a total exhaustion rule," which required district courts to dismiss "mixed petitions" (*i.e.*, petitions that contain both exhausted and unexhausted claims). *Id.* at 510, 522[, 102 S.Ct. 1198]. The Supreme Court stated that after a district court dismisses such a mixed petition, the plaintiff could then return to state court to exhaust his claims or file an amended petition in federal court including only exhausted claims. *Id.* at 510[, 102 S.Ct. 1198].

*Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003). As the Eighth Circuit Court of Appeals has also explained,

> When dealing with traditional "mixed" petitions, we have stated that "[w]e believe the petitioner should make the choice whether to amend his petition and delete the unexhausted claims or to proceed in state court on the unexhausted claims." *Stewart v. Parratt*, 682 F.2d 757, 758 (8th Cir.1982). Thus, "[w]hen presented with a petition containing both exhausted and unexhausted claims,

a district court must either dismiss the entire claim without prejudice or permit the petitioner to dismiss the unexhausted claims." *Murray v. Wood*, 107 F.3d 629, 632 (8th Cir.1997) (emphasis added).

*Pennington v. Norris*, 257 F.3d 857, 859 (8th Cir.2001). *See generally Nims v. Ault*, 251 F.3d 698, 704 (8th Cir.2001) (discussing when refiling the petition after exhaustion of claims constitutes an impermissible "second or successive" petition).

In light of these authorities, the court concludes that Schneider's petition is subject to dismissal without prejudice. However, the court will provide Schneider with a reasonable period of time to " 'make the choice whether to amend his petition and delete the unexhausted claims or to proceed in state court ón the unexhausted claims.' " *Pennington*, 257 F.3d at 859 (quoting *Stewart*, 682 F.2d at 758).[1]

### III. CONCLUSION

Upon *de novo* review, *see* 28 U.S.C. § 636(b)(1), the court **rejects** those portions of the June 11, 2003, Report and Recommendation (docket no. 52) in which Judge Zoss concludes that petitioner Schneider's claim that the review procedure for a conviction for criminal contempt

---

1. In his Report and Recommendation, because he found no other impediment, Judge Zoss necessarily addressed the State's alternative ground for dismissal of Schneider's constitutional claim, which was that the claim failed to state a claim upon which relief can be granted. This court, on the other hand, finds that the claim in question is procedurally defaulted and unexhausted. Subsection 2254(b)(2) provides that "[a]n application *may be denied on the merits*, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See* 28 U.S.C. § 2254(b)(2) (emphasis added). However, Schneider's constitutional claim is not so plainly without merit that the court would consider it appropriate to ignore Schneider's failure to exhaust his claim and rule, instead, on the State's motion to dismiss on the ground that Schneider has failed to state a claim upon which relief can be granted. Therefore, the court will not address the State's objections to Judge Zoss's conclusion that Schneider has stated a claim upon which relief can be granted. The issue of whether Schneider has stated a claim upon which relief can be granted can be addressed by this court when and if Schneider's constitutional claim is exhausted and properly presented to this court.

is unconstitutional is not procedurally defaulted and that Schneider has exhausted, or is excused from exhausting, state remedies on that claim. The court also **rejects as moot** the remainder of the Report and Recommendation, in light of the court's conclusion that Schneider's petition is a "mixed petition" including both exhausted and unexhausted claims, which is subject to dismissal without consideration of the merits. Consequently, the motion to dismiss filed by the respondent-intervenor State of Iowa on March 13, 2003 (docket no. 35) is **granted** as follows:

1. The petition in this action is **dismissed without prejudice**. However, **dismissal is stayed** pending the filing and disposition of a motion to amend the petition.

2. The petitioner shall have **to and including July 31, 2003,** within which to make the choice whether to amend his petition and delete the unexhausted claims or to proceed in state court on the unexhausted claims. If he decides to amend his petition to assert only exhausted claims, he must file an amended petition by the deadline stated above. If he fails to do so by the deadline, the entire petition will be deemed dismissed without prejudice without further order of the court.

**IT IS SO ORDERED.**