## STATE v. ARNOLD P. OLSEN.

154 N. W. (2d) 825.

December 8, 1967—No. 40,762.

---

C. *Paul Jones,* State Public Defender, and *Ronald J. Wolf,* for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Acting Solicitor General, *William B. Randall,* County Attorney, and *Mentor C. Addicks, Jr.,* and *Richard E. Leonard,* Assistant County Attorneys, for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court sentencing defendant, Arnold Olsen, to imprisonment for one year and a fine of $500 for confining his own child, in violation of Minn. St. 609.26.[1]

Defendant was divorced from his first wife in August 1963. She was granted custody of the two children by that marriage. Soon after the divorce she left the state, taking the children with her. Thereafter, for 2½ years defendant conducted an unsuccessful search for his children. In January 1966 he discovered that they were living with his ex-wife in Milwaukee, and he commenced a custody proceeding there. The Milwaukee court granted defendant visitation rights from July 5 to July 19, 1966. Pursuant to this order, the children came to St. Paul to visit defendant on July 5.

Defendant did not surrender custody of the children on July 19; instead he instituted a custody proceeding in Ramsey County District Court. A hearing was held in this matter on August 9, 1966. At the

---

[1] Minn. St. 609.26 provides: "Whoever intentionally takes, confines or restrains his own child under the age of 18 years with intent to prevent another from obtaining or retaining his custody pursuant to an existing court order may be sentenced to imprisonment for not more than two years or to payment of a fine of not more than $2,000, or both."

hearing, Judge Pearson orally denied defendant's motion for a hearing regarding custody and directed that defendant surrender the children to their mother to be returned to Milwaukee for the proceedings which were still pending. The judge requested the ex-wife's attorney to prepare a written order to that effect, which was done, and the judge signed it on August 10. Her attorney presented the order that day to John Murphy, a special investigator, with directions that it be served upon the defendant. Murphy awaited the defendant outside the Ramsey County Welfare Building in St. Paul and attempted to serve the order upon him when he emerged from the building. As he approached the defendant, Murphy said, "Mr. Arnold Olsen, I have something here for you." After defendant reached his car, Murphy approached it from the side and said, "Mr. Olsen, my friend, this is a court order signed by a judge." But the defendant drove away without receiving a copy of the order. He did not surrender the children until ordered to do so at a hearing before Judge Keyes of the Ramsey County District Court on August 24, 1966.

By an information dated September 2, 1966, the Ramsey County Attorney charged defendant with restraining one of his children with the intent of preventing his former wife from obtaining custody of the child pursuant to the order of August 10. A jury trial resulted in a verdict of guilty and defendant was sentenced to a $500 fine and a year's confinement in the City and County Workhouse. The judge ordered the imprisonment portion of the sentence to be stayed for 2 years, contingent on compliance with certain conditions.

The legal issues for our consideration on this appeal are: (1) Was there sufficient evidence to establish beyond a reasonable doubt that the defendant acted with intent to defy a court order, and was the evidence sufficient to support the jury's verdict of guilty? (2) Did the trial court err in his instruction to the jury with respect to the process server and defendant?

■ After reviewing the record, we conclude that there is sufficient evidence from which a jury could find that defendant knew of the August 10 court order. Defendant admitted that he knew a written order would be forthcoming after the hearing of August 9. He admitted that

after getting into his car outside the welfare building he heard someone call his name. True, he alleged that he was unable to detect the person who called his name, but the jury could have disbelieved this part of his testimony. Defendant's lawyer testified that within a few days after the oral hearing defendant called him to inquire whether throwing a process at a car constituted service of process. This certainly indicates that defendant was aware of Murphy's attempted service.

Finally, it is uncontested that Murphy approached to within a short distance of defendant in attempting to apprise him of the court order. The jury could well have concluded that, in such a situation, a person could not remain oblivious to the attempt to capture his attention. Factfinding is a jury function, and it is not the province of this court to upset that finding unless it is contrary to the evidence. Considering the evidence set forth above, we cannot say here that the finding was not sustained by the evidence.

◼ The trial judge charged the jury that if the process server and the defendant were within speaking distance of each other and such action was taken as to convince a reasonable person that personal service was being attempted, service could not be avoided by physically refusing to accept the order; also that refusal of the defendant to accept the order, if he in fact refused to accept it, did not prevent the service from being completed. This instruction follows the general rule set out in Nielsen v. Braland, 264 Minn. 481, 119 N. W. (2d) 737, a civil case, which rule applies equally to the service of any paper in any case. All it does is provide a rule by which service can be made when the defendant is unwilling to accept the paper.

The jury could have found that valid service was made, but such finding was not essential to its verdict. We hold that reversible error did *not* occur.

Affirmed.