## ARNOLD P. OLSEN v. STATE.

### 177 N. W. (2d) 424.

### May 15, 1970—No. 41413.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

PER CURIAM.

Appeal from an order of the district court denying a petition for postconviction relief.

On September 2, 1966, appellant was charged by information with violating Minn. St. 1965, § 609.26, which provided:

"Whoever intentionally takes, confines or restrains his own child under the age of 18 years with intent to prevent another from obtaining or retaining his custody pursuant to an existing court order may be sentenced to imprisonment for not more than two years or to payment of a fine of not more than $2,000, or both."

He was tried and found guilty by a jury. A sentence of confinement for 1 year in the Ramsey County workhouse was stayed and a fine in the amount of $500 was imposed. An appeal was taken from the judgment of conviction to this court, and we held in State v. Olsen, 278 Minn. 421, 154 N. W. (2d) 825, that the evidence was sufficient to support the jury's verdict of guilty and that the instructions of the trial court were not prejudicially erroneous. A petition for postconviction relief was then filed in the Ramsey County District Court on January 24, 1968, and after a hearing before Judge John W. Graff on February 27, 1968, the petition was denied by order dated March 28, 1968. This appeal followed.

These claims were made in the postconviction proceeding: That appellant was denied effective representation by privately-retained coun-

sel; that the evidence was insufficient to support the jury's finding of guilt since there was no showing of a specific intent on the part of appellant to prevent another from obtaining or retaining custody of the children involved; that § 609.26 is unconstitutionally discriminatory; that the application of § 609.26 in this case resulted in cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution; that enforcement of § 609.26 as against appellant and not as against his divorced wife constituted a denial of due process of law; that a conviction for violation of § 609.26 cannot be sustained where the children allegedly confined were not produced as witnesses to establish that they were taken, confined, or restrained with the intent specified in the statute as then written; that appellant was denied due process of law because he was not afforded the opportunity to subpoena the children as witnesses; and that § 609.26 is not uniformly enforced.

At the beginning of the postconviction hearing, the charge that appellant was denied effective assistance of counsel was withdrawn. At the close of the hearing, appellant raised the additional claim that § 609.26 is unconstitutionally vague. The trial court rejected appellant's postconviction claims. We affirm.

1. The claim that the evidence was inadequate to sustain the verdict was considered and decided adversely to appellant in State v. Olsen, *supra*. Nothing in the postconviction hearing requires or justifies a reversal of our decision in that case.

2. There was no adequate showing in the postconviction proceedings that the county attorney of Ramsey County discriminated against appellant in prosecuting him for violation of § 609.26 and in failing to prosecute his wife who, upon being awarded custody of the children in the divorce proceedings in 1964, had removed them from the state improperly so as to deprive appellant of his rights of visitation. The statute as written in 1963 proscribed interference with the right of *custody*. It did not make denial of the right of visitation a criminal offense. Apart from this, reasonable discretion in initiating prosecutions must be accorded prosecuting authorities. Although appellant's conduct was undoubtedly provoked by his wife's inexcusable behavior and his proper concern for the welfare of his children, there is no evidence of such abuse of discretion by the prosecuting attorney as to permit us to nullify the conviction.[1]

---

[1] State v. Andrews, 282 Minn. 386, 165 N. W. (2d) 528. Although we could not condone discriminatory enforcement of the statute under the guise of prosecutorial discretion, the record before us fails to establish that such is the case.

3. Imposition of a fine of $500 and a sentence of confinement, stayed by order of the court, for violation of § 609.26 does not constitute cruel and unusual punishment in violation of U. S. Const. Amend. VIII, particularly where appellant acknowledged that he knew the trial judge had ordered him to deliver custody of the children to their mother.

4. The failure of the county attorney to make appellant's children available at trial as witnesses does not constitute a violation of any constitutional right of appellant. The state has no duty to secure the presence of out-of-state witnesses at its expense to testify for the defendant. State ex rel. Butler v. Swenson, 243 Minn. 24, 66 N. W. (2d) 1.

5. Appellant cites no authority for his contention that a conviction of a violation of § 609.26 requires the corroboration of the children whose custody is involved. Where the conviction is supported by other competent evidence, as we held it to be in State v. Olsen, *supra,* the absence of the children is immaterial. There may be circumstances where out-of-state witnesses whose testimony would be determinative of the innocence of the defendant should be produced by the state. State v. Lupino, 268 Minn. 344, 129 N. W. (2d) 294, certiorari denied, 379 U. S. 978, 85 S. Ct. 681, 13 L. ed. (2d) 569. It has not been made to appear that this is such a case.

6. The claim that Minn. St. 1965, § 609.26, was unconstitutionally vague is answered by these comments of Judge Graff appearing in his memorandum, with which we agree:

"* * * This provision was enacted by the 1963 Code, approved May 17, 1963, and effective September 1, 1963. As indicated by the Committee Comments, this statute was to provide a vehicle for the prosecution other than the kidnaping statutes. The statute was amended in 1967 (Laws 1967, C. 570) so that 'detains' was substituted for 'takes, confines or restrains' and added 'outside the state of Minnesota,' and changed 'to prevent another from obtaining or retaining custody pursuant to an existing court order' to 'to deny another's rights under an existing court order.' It is urged that the Legislature recognized that the former law was vague and indefinite and hence amended it. 'Detains' probably means the same as 'takes, confines or restrains.' Under the amended statute it only applied to taking the child outside the state, where previously it is clear that it applied both to in state as well as out of state. The amendment broadens its application insofar as it applies to any court order and not only to one awarding custody. These are matters properly within the power of the Legislature, and the fact that one amendment narrowed the application of the statute and the other broadened its application does not make the prior statute vague, indefi-

nite or deny anyone equal protection of law. Since under the 1963 statute all people in the same class are treated similarly, there is no denial of equal protection of the law."

Affirmed.