**UNIGROUP, INCORPORATED;**
Appellee,

v.

**Barton J. WINOKUR; Appellant.**

**RANSLER MOVING AND STORAGE;
H.G. Bauer Moving & Storage,**
Intervenors,

v.

**O'ROURKE STORAGE & TRANSFER
COMPANY, Defendant.**

No. 93–3990.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1994.

Decided Jan. 24, 1995.

Arthur S. Gabinet, Philadelphia, PA, argued (Steven B. Feirson and Mark Arnold, on the brief), for appellant.

Thomas Wack, St. Louis, MO, argued (Peter W. Herzog, III, on the brief), for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

We now consider a second appeal in this action. This appeal concerns the ownership of UniGroup stock.[1] Barton J. Winokur, as trustee for the Sidney and Marie Harrison Trust, appeals from the grant of a summary judgment entered by the district court[2] in favor of UniGroup. The district court rejected Winokur's claim that the Harrison Trust still owned UniGroup stock. Winokur, in the prior appeal, contended that UniGroup had converted the stock without paying fair value. The district court, relying on the doctrine of the law of the case, held that the trust was no longer a shareholder of UniGroup but that these shares had been properly acquired by UniGroup as determined in the earlier litigation. For reversal, Winokur argues that the trust is still a UniGroup shareholder and contends that the issue of the trust's continued ownership of the stock was not decided explicitly or implicitly in the prior proceedings. We disagree and affirm.

---

1. The prior appeal, *UniGroup, Inc. v. O'Rourke Storage & Transfer Co.,* 980 F.2d 1217 (8th Cir. 1992), is discussed, *infra* at p. 1210.

## I. BACKGROUND

Sidney Harrison, former president of Walker Transportation Company (a United Van Lines agency), owned a block of United Van Lines, Inc. stock. Mr. Harrison transferred the shares of stock to a trust, whose original trustees were Mr. Harrison and his wife Marie, with Barton J. Winokur as successor, in the event of the incapacity or death of either of the Harrisons. As a condition of permitting the shares to be transferred, UniGroup, the parent company of United Van Lines, Inc., and the Harrisons agreed that the shares would be tendered for repurchase when Sidney Harrison died.

In 1971, Winokur notified UniGroup that Mr. Harrison had become disabled, and that as a result Winokur had succeeded Mr. Harrison as trustee. After Mr. Harrison's death in 1972, the trust's counsel inquired as to the method and price for repurchase of the shares. UniGroup stated that the repurchase price would be book value plus $10,000. The trust refused to surrender the shares until it was satisfied that the price was fair. UniGroup's board of directors decided not to sue for the return of the shares at that time.

The repurchase bylaw as in force at that time provided:

Any stockholder desiring to sell, transfer, or otherwise dispose of his shares of stock shall offer the same for repurchase by this Company ... at such price as the Board of Directors may from time to time determine but in no event less than the book value thereof as shown on the books of the Company as of the end of the preceding calendar six-months period, ending each June 30 and December 31.

Joint App., Tab 58 at 865.

In 1982, the trust's counsel sent the certificate for the shares back to the company, requesting UniGroup's permission to transfer the shares from the trust to a lifetime trust that Marie Harrison had settled. UniGroup stated that it would instead repurchase the

---

2. The Honorable Stephen N. Limbaugh, United States District Court for the Eastern District of Missouri.

shares at book value, and the trust withdrew its request for transfer of the shares.

After Marie Harrison died on September 18, 1988, UniGroup's counsel asked Winokur to surrender the shares in return for a payment based on book value. UniGroup exercised its option to repurchase the shares, and then canceled the stock certificate on company records, recording that the shares had been transferred back to UniGroup's treasury.

In March 1989, Winokur filed an action, on six counts, against UniGroup and its directors in the United States District Court for the Eastern District of Pennsylvania. He demanded fair value for the shares, which he alleged to be at least one million dollars. His third cause of action sought a declaration that the death of Marie Harrison in 1988 was not a triggering event that entitled UniGroup to exercise its options to repurchase the shares. The United States District Court for the Eastern District of Pennsylvania transferred the action to the Eastern District of Missouri, where the action was assigned to Judge Filippine.

In October 1989, UniGroup brought a wholly unrelated lawsuit to compel the repurchase of stock held by another shareholder, O'Rourke Storage & Transfer Company. On June 8, 1990, a Stipulation and Order was entered which permitted Winokur to dismiss without prejudice the transferred action pending before Judge Filippine and to re-file as an intervenor in the present action.

On August 2, 1991, the district court granted UniGroup's motion for partial summary judgment on Counts I, II, and IV of the counterclaim (the book value motion). In these counts, the counterclaimants had sought a declaration that: (1) UniGroup's corporate bylaw governing forced repurchases of UniGroup stock was illegal and unenforceable, and (2) UniGroup's seizure of the shares formerly owned by counterclaimants for a price less than "fair value" was an illegal and tortious conversion.

In essence, Winokur claimed that Uni-Group illegally seized the Harrison Trust's stock and wrongfully purchased the stock for an undervalued price. At that time, Winokur made a claim for conversion and could either recover the fair value of the stock or regain title to the stock. Winokur chose to seek the fair value of the UniGroup stock, thus recognizing UniGroup's acquisition of the shares. Implicit in the action for conversion and other allegations is that UniGroup acquired the trustee's stock and could pay book value for those shares.

The district court rejected Winokur's attacks upon the repurchase agreement for the shares at book value. Following the district court's grant of partial summary judgment in favor of UniGroup determining that the corporation need not pay fair market value for the stock, the district court entered a Fed. R.Civ.P. 54(b) certification. Winokur then appealed. The Eighth Circuit affirmed the granting of partial summary judgment in *UniGroup, Inc. v. O'Rourke Storage & Transfer Co.*, 980 F.2d 1217 (8th Cir.1992).

Thereafter in the continuation of other aspects of the litigation, Winokur moved for partial summary judgment in the district court to declare that the trust remains a shareholder of UniGroup, Inc. UniGroup cross-moved for a declaration that the Sidney Harrison Trust is no longer a shareholder because that issue had already been resolved in its favor by the final judgment on the stock transfer claims. UniGroup also moved for summary judgment on the derivative claims that remained, all of which were unrelated to the stock transfer claims.

On October 19, 1993, the district court granted UniGroup's motion on both the derivative claims and on the issue of the trust's stock ownership. The district court ruled that the August 2, 1991 order granting partial summary judgment in favor of UniGroup on Count I of the counterclaim had determined that under Missouri law, reasonable restrictions on the right to transfer stock may be imposed by agreement, and the agreements are generally valid. The district court went on to further determine that the court had already decided the issue of whether a transfer of the shares upon the death of Marie Harrison had occurred. Relying on the doctrine of the law of the case, the district court held that any issues concerning the validity of UniGroup's repurchase were

previously decided by the district court and affirmed by the Eighth Circuit. Winokur now appeals the district court's decision, asserting that in the prior litigation the issue of the trust's continued ownership of the shares had not been decided explicitly or otherwise.[3]

## II. DISCUSSION

We review the district court's granting of summary judgment de novo and apply the same standards as did the district court. *Egan v. Wells Fargo Alarm Serv.*, 23 F.3d 1444, 1446 (8th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 319, 130 L.Ed.2d 280 (1994).

■ Winokur argues that the doctrine of the law of the case does not apply to the issue of whether the trust should be considered a UniGroup shareholder. Winokur contends that the district court erred by deciding that the law of the case doctrine was dispositive on the trust's motion for summary judgment.

Winokur argues that the trust's status as a shareholder was not "necessarily implied" from the granting of the book value motion. Winokur claims that the only issue which could have become law of the case from the granting of partial summary judgment was the validity of UniGroup's bylaw. In addition, Winokur contends that the doctrine of the law of the case should not apply because adherence to the prior ruling would result in a manifest injustice. In short, appellant argues that because the law of the case only applies to "rules of law" decided previously, expressly, or by necessary implication, it has no application here.

The essence of Winokur's argument on this second appeal is that the Harrison Trust is still a Unigroup shareholder and that Marie Harrison's death did not result in a transfer that triggered the repurchase bylaw. Winokur contends that Marie Harrison's death was no more than the death of a trustee, having no effect on the actual ownership of the assets in the trust. Therefore, Winokur claims that because Marie Harrison's death was not a triggering event, he is now the rightful trustee of the Harrison Trust which is a UniGroup shareholder. We, however, disagree.

■ The doctrine of the law of the case relied on by the district court is a doctrine of discretion and provides that when a court decides a rule of law, that decision should govern the same issues in subsequent stages in the same case. *Harbor Insurance Co. v. Essman,* 918 F.2d 734, 738 (8th Cir.1990); *Little Earth of the United Tribes, Inc. v. United States Dep't. of Hous. & Urban Dev.,* 807 F.2d 1433, 1440–41 (8th Cir.1986), *cert. denied,* 494 U.S. 1078, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983)).

■ The doctrine of the law of the case prevents the relitigation of settled issues in an action, thus protecting the expectations of the parties, ensuring uniformity of decisions and promoting judicial efficiency. *Morris v. American Nat. Can Corp.,* 988 F.2d 50, 52 (8th Cir.1993) (quoting *Little Earth,* 807 F.2d at 1441). The doctrine of the law of the case precludes litigation of matters that are decided implicitly, as well as those decided explicitly. *Morris,* 988 F.2d at 51 (quoting *Little Earth,* 807 F.2d at 1438).

Here, the district court properly concluded that Winokur is barred by the doctrine of the law of the case from seeking a declaration that the Sidney Harrison Trust is still a UniGroup shareholder. On August 2, 1991, the district court granted summary judgment in favor of UniGroup on all of the stock transfer issues regarding the right to repurchase the shares. The August 2, 1991 order granting summary judgment on the first, second, and sixth causes of action implicitly decided the stock transfer issue because the decision necessarily encompassed the matter of whether the trust's shares had been acquired by UniGroup and the amount to be paid for those shares. When the Eighth Circuit affirmed that order, the law of the case barred further argument on these points because the decision determined the price, book value, to be paid to Winokur for the corporation's acquisition of the trust's shares.

---

**3.** If the Harrison Trust remained as a shareholder, the book value of its shares has materially increased since the corporation's alleged seizure or repurchase of those shares in August of 1991.

Additionally, the second cause of action alleged that UniGroup breached its fiduciary duties by failing to repurchase its shares at a fair price. The district court's granting of summary judgment on August 2, 1991, *inter alia,* found that the plain language of the corporate bylaw governing forced repurchase did not create a legal duty to pay more than book value and entered a final judgment pursuant to Fed.R.Civ.P. 54(b).

The Eighth Circuit affirmed the partial grant of summary judgment. Implicit in the Eighth Circuit's opinion holding that the UniGroup's corporate repurchase bylaw did not create a fiduciary duty to pay full value is the assumption that the shares had been acquired by UniGroup, triggering an obligation to pay for the shares as a fiduciary or otherwise. Because the doctrine of the law of the case precluded litigation of matters that are decided implicitly, as well as those decided explicitly, the district court properly concluded that the law of the case, applicable to the fiduciary claim, established implicitly that the trust's shares had been transferred to Uni-Group.

### III. CONCLUSION

The district court granted summary judgment for dismissal of Winokur's claims here appealed on grounds that the trial court had previously determined that UniGroup had validly exercised its rights to repurchase the stock here in question. That ruling was sustained on appeal. For reasons stated by the district court and as amplified in this opinion, we affirm.