United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 95-4145
_____

Kenneth Edward Murray,                  *
                                         *
          Appellant,                     *
                                         *      Appeal from the United
     v.                                  *      States District Court for
                                         *      the District of
                                         *      Minnesota.
Frank W. Wood,                           *
                                         *
          Appellee.                      *

_____

Submitted: December 10, 1996

Filed: February 26, 1997
_____

Before BOWMAN and HEANEY, Circuit Judges, and SMITH,* District
Judge.
_____

SMITH, District Judge.


     Murray appeals the District Court's order dismissing five of
his six grounds for habeas corpus relief with prejudice, and
dismissing his sixth ground for relief without prejudice.  We
vacate and remand with directions.


                    I.  BACKGROUND


     On August 27, 1991, Murray was convicted of eleven counts of
criminal sexual conduct involving three different minors.
Specifically, (1) with respect to E.R.E., he was convicted of one

_____

     The Honorable Ortrie D. Smith, United States District Judge
for the Western District of Missouri, sitting by designation.

count of criminal sexual conduct in the second degree, three counts of criminal sexual conduct in the first degree, and two counts of criminal sexual conduct in the third degree; (2) with respect to J.H.S., he was convicted of one count of criminal sexual conduct in the second degree; and (3) with respect to J.F.J., he was convicted of two counts of attempted criminal sexual conduct in the first degree and two counts of criminal sexual conduct in the second degree. At sentencing, the trial court applied Minnesota's patterned sex offender statute, Minn. Stat. § 609.1352 and sentenced Murray to a term of 282.5 months.

Murray appealed to the Minnesota Court of Appeals, raising two issues. The first issue alleged there was insufficient evidence to support the four convictions related to his involvement with J.F.J., and the second issue alleged that the trial court's reliance on § 609.1352 constituted an ex post facto application of law because the statute was passed in August 1989 -- after the incidents giving rise to five of his convictions involving E.R.E. The court of appeals affirmed the convictions for criminal sexual conduct in the second degree involving J.F.J., but reversed the convictions for attempted criminal sexual conduct in the first degree. The court of appeals also agreed with Murray's ex post facto argument and vacated four of the sentences related to his conduct involving E.R.E., but affirmed the remaining two sentences because there was "sufficient evidence in the record to support application of this statute to the criminal acts involving E.R.E. in 1989 and 1990." State v. Murray, No. C7-92-468, slip op. at 9 (Minn. Ct. App. Nov. 10, 1992). Upon further review, the Minnesota Supreme Court modified the remand order and instructed the trial court to determine whether any of the conduct involving E.R.E. occurred after § 609.1352 was passed. State v. Murray, 495 N.W.2d 412, 412-13 (Minn. 1993).

Up to this point in time, Murray was represented by counsel. On remand, Murray waived his right to representation and represented himself. At the resentencing hearing, Murray alleged that he was the victim of prosecutorial bias and selective prosecution and that he had received ineffective assistance of

2

counsel at trial.  He also orally argued that his right to be free from double jeopardy had been violated because the prosecutor pursued multiple charges arising from a single course of conduct and that there was insufficient evidence to convict him for his conduct involving E.R.E.  The trial court sentenced Murray to a term of 162 months.

Murray then initiated his second direct appeal, and was appointed counsel to aid this effort.  In addition, as permitted by Minn. R. Crim. Pro. 28.02.5(1), Murray filed a supplementary pro se brief.  Appointed counsel raised two arguments, contending that the sentences were excessive under state law and that the district court erred in departing from the guidelines.  Murray's pro se brief raised, *inter alia*,[2] six arguments:

(1)   the manner in which he was charged exposed him to double jeopardy,

(2)   Minnesota law violated his equal protection rights in that he received harsher treatment than would have been received by an offender committing identical acts but who lived with or was related to the victims,

(3)   the state failed to prove that he used a position of authority to cause E.R.E. to submit to sexual acts (which distinguishes criminal sexual conduct in the second degree from criminal sexual conduct in the third degree),

(4)   conduct amounting to nothing more than "hugs" with J.F.J. was charged as, and formed the basis for a conviction for, criminal sexual conduct in the second degree,

(5)   he was the victim of selective prosecution and prosecutorial bias, and he received ineffective assistance of counsel, and

(6)   his sentence violated the Eighth Amendment because it was disproportionate to the crimes he committed.

The Minnesota Court of Appeals affirmed the trial court; with respect to the additional issues raised in Murray's pro se brief,

---

In addition to these issues, Murray presented additional arguments regarding the legality, under state law, of the trial court's decision to depart from the guidelines.

3

the court declared that they "either were raised and decided on the first appeal or were not litigated at the trial court level and will not be decided on appeal." State v. Murray, No. C1-93-1626, slip op. at 5 (Minn. Ct. App. Feb. 23, 1994). The court did not discuss whether Murray could present any of these issues in a post-conviction proceeding. The Minnesota Supreme Court denied further review without comment.

Murray then instituted proceedings in federal court, seeking a writ of habeas corpus. His petition raises the same issues identified in the text above. The district court determined that Murray had procedurally defaulted issues one, two, three, six, and those portions of issue five that alleged prosecutorial misconduct because he failed to timely present them to the state courts and the court of appeals' decision not to review those issues rested on an independent and adequate state bar. The district court also determined that Murray had not exhausted all viable state avenues for alleging ineffective assistance of counsel because Murray could raise the issue in a state post-conviction proceeding. Finally, the district court reviewed and rejected issue four on the merits. Murray now appeals.

## I.  DISCUSSION

"The federal habeas statute requires persons in state custody who seek federal habeas relief to first exhaust available state remedies." Wayne v. Missouri Bd. of Probation and Parole, 83 F.3d 994, 996 (8th Cir. 1996); see also 18 U.S.C. § 2254(b) and (c). A petitioner who has not availed himself of a state's post-conviction procedure should be required to do so unless he has no available, nonfutile remedies or the state waives the exhaustion requirement. Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994). The state has not waived the exhaustion requirement in this case, and Murray has failed to pursue nonfutile post-conviction proceedings in state court with respect to two of his claims: his claim of ineffective assistance of counsel and his claim that his Eighth Amendment rights were violated. With regard to the former, we note that

4

Minnesota courts have consistently held that "a direct appeal from a judgment of conviction is not the most appropriate way to raise a claim of ineffective assistance of *trial* counsel because the reviewing court does not have the benefit of all the facts concerning why defense counsel did or did not do certain things." Roby v. State, 531 N.W.2d 482, 484 n.1 (Minn. 1995) (quotation omitted; emphasis added); see also Berg v. State, 557 N.W.2d 593 (Minn. Ct. App. 1996). Because Minnesota courts will "consider[] ineffective-assistance claims in postconviction proceedings even though [the] petitioner did not raise the claims on direct appeal," Scruggs v. State, 484 N.W.2d 21, 25 (Minn. 1992), we conclude that Murray has not exhausted his state remedies with respect to that claim.

We reach the same conclusion with respect to Murray's Eighth Amendment argument. We have identified at least five cases in which the Minnesota Supreme Court has addressed the merits of an Eight Amendment proportionality argument that was first raised in a post-conviction proceeding. Krominga v. State, 311 N.W.2d 858 (Minn. 1981); Carle v. State, 257 N.W.2d 544 (Minn. 1977); McLaughlin v. State, 190 N.W.2d 867 (Minn. 1971); Steeves v. State, 178 N.W.2d 723 (Minn. 1970); Olsen v. State, 177 N.W.2d 424 (Minn. 1970). Conversely, we have been unable to find any cases in which the Minnesota courts have indicated that such claims are not appropriately raised in a post-conviction proceeding. In light of the supreme court's past practice, and in the absence of contrary direction, we are forced to conclude that a post-conviction proceeding remains an appropriate vehicle to present Murray's Eighth Amendment argument.

We are thus presented with a situation in which Murray has presented some unexhausted claims, some exhausted -- but procedurally defaulted -- claims,[3] and one exhausted claim that had

---

In his initial appeal, Murray failed to allege (1) that he was exposed to double jeopardy, (2) that his equal protection rights had been violated, (3) insufficiency of the evidence with respect to his conduct involving E.R.E., or (4) that he was prosecuted because of bias or that the prosecutor otherwise engaged in misconduct. Having failed to raise it at that time,

been properly presented to the Minnesota court for consideration. Federal courts cannot maintain jurisdiction over so-called "mixed petitions."  E.g., Castille v. Peoples, 489 U.S. 346, 349 (1989); Victor v. Hopkins, 90 F.3d 276, 279-80 (8th Cir. 1996); Diamond v. Wyrick, 757 F.2d 192, 193 (8th Cir. 1985); Snethen v. Nix, 736 F.2d 1241, 1244 (8th Cir. 1984).  When presented with a petition containing both exhausted and unexhausted claims, a district court must either dismiss the entire claim without prejudice or permit the petitioner to dismiss the unexhausted claims.  Dukes v. Lockhart, 769 F.2d 504, 506 (8th Cir. 1985).

### III.  CONCLUSION

For the foregoing reasons, the judgment of the District Court is vacated, and the case is remanded to the District Court with directions to afford Murray a reasonable opportunity to dismiss the unexhausted claims; absent Murray's willingness to do so, the District Court should dismiss the entire petition without prejudice.


A true copy.


Attest:



CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

Murray missed his chance; the trial court was not permitted to consider these issues on remand because the instructions from the higher courts limited the issues to be considered.  See Halverson v. Village of Deerwood, 322 N.W.2d 761, 766 (Minn. 1982; Duffey v. Duffey, 432 N.W.2d 473, 476 (Minn. Ct. App. 1988).  Because of Murray's procedural default, a federal court is unable to consider his claims absent a showing of cause and prejudice. Sawyer v. Whitley, 505 U.S. 333, 337-39 (1992).