# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2005

_____

Tyrone White,                                    *
                                                 *
              Petitioner - Appellant,            *
                                                 *    Appeal from the United States
       v.                                        *    District Court for the
                                                 *    District of Minnesota.
Lynn Dingle,                                     *
                                                 *          [UNPUBLISHED]
              Respondent - Appellee.             *

_____

Submitted: January 17, 2008
     Filed:  February 27, 2008

_____

Before WOLLMAN, BRIGHT, and SMITH, Circuit Judges.

_____

PER CURIAM.

The district court[1] dismissed without prejudice Tyrone White's petition for habeas corpus under 28 U.S.C. § 2254 because it was a "mixed petition" – one that included both exhausted and unexhausted claims. Because the dispositive issue was whether White "fairly presented" a particular claim to the Minnesota state courts, the district court granted him a certificate of appealability on the following issue only: "Did White exhaust his state-court remedies with respect to Ground Three of his habeas petition by fairly presenting [a federal] constitutional challenge to the jury

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

instructions in his direct appeal to the Minnesota Supreme Court?"  We answer that question in the negative and, accordingly, affirm.

## I

A Minnesota jury found White guilty of first-degree felony murder and attempted first-degree premeditated murder.  On direct appeal to the Minnesota Supreme Court, White raised four issues, including challenges that Minnesota's accomplice liability statute was unconstitutional and the trial court erroneously instructed the jury regarding accomplice liability.  See State v. White, 684 N.W.2d 500, 502 (Minn. 2004) ("White I").  The Minnesota Supreme Court affirmed his conviction.  See id.  White then pursued post-conviction relief in state court asserting, among other grounds, ineffective assistance of appellate counsel.  The state courts denied White's state habeas petition.  See State v. White, 711 N.W.2d 106, 113 (Minn. 2006) ("White II").

White subsequently sought a federal writ of habeas corpus, raising six claims, including a federal constitutional claim that the Minnesota trial court deprived him of his right to a fair trial by improperly instructing the jury on accomplice liability ("federal fair trial" claim).  A magistrate judge[2] issued a report and recommendation that concluded that White had not exhausted this claim.  Because White's petition included both exhausted and unexhausted claims, the magistrate judge recommended dismissing White's petition without prejudice.  See, e.g., Rose v. Lundy, 455 U.S. 509, 510 (1982).  The district court adopted the magistrate judge's report and recommendation.

As he did before the district court, White contends on appeal that he fairly presented the "federal fair trial" claim to the Minnesota courts.  White further argues

_____

[2]The Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

that even if he failed to exhaust this claim, it is not procedurally defaulted because he can establish "cause and prejudice" to excuse the procedural default.

## II

"In reviewing a federal district court's denial of habeas corpus relief, we review findings of fact for clear error and conclusions of law de novo." Bell v. AG of Iowa, 474 F.3d 558, 560 (8th Cir. 2007).

## III

A state prisoner seeking federal habeas relief must first exhaust his available state remedies. See 28 U.S.C. § 2254(b). By doing so, the prisoner gives the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (*per curiam*) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). The State has had its opportunity when the prisoner "fairly presents" his claim "in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting th[ose] court[s] to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to 'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts.'" McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) (quoting Myre v. State of Iowa, 53 F.3d 199, 200 (8th Cir. 1995)). "If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted." Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999) (*en banc*).

White asserts that he fairly presented the "federal fair trial" claim by challenging both the erroneous jury instructions and the constitutionality of Minnesota's accomplice statute. We consider these arguments in turn.

**A**

Before the Minnesota Supreme Court, White challenged the jury instructions on two grounds. *First*, he argued that the trial court erred, as a matter of state law, by instructing the jury that an "objective" rather than "subjective" standard applied in determining whether a crime was reasonably foreseeable under Minnesota's accomplice statute. *Second*, he argued that as a result of improperly instructing the jury on accomplice liability, the trial court deprived him of his right to a fair trial. White characterized this latter error as having "constitutional importance" because "[e]lementary to a fair trial and due process is that the jury is fully and accurately instructed as to the elements of the charged offense . . . ." Appellant's Appx. at 32 (quoting State v. Gebremariam, 590 N.W.2d 781, 783 (Minn. 1999)).

White's state law challenge obviously does not raise a federal issue.[3] The question then is whether White's non-specific and general reference to due process "fairly presented" his "federal fair trial" claim to the Minnesota Supreme Court. We agree with the district court that it did not. Although White alleged that the trial court violated his due process rights by improperly instructing the jury, he did not argue that this error violated the *Federal* Constitution. He also did not cite any relevant federal constitutional cases in support of this due process argument.[4] White contends, however, that referencing "due process" in his brief to the Minnesota Supreme Court meets the "fairly presented" standard. Our precedents foreclose that argument. We

---

[3]The Minnesota Supreme Court rejected his statutory argument because the trial court's "instructions . . . , read as a whole, did not serve to confuse or mislead the jury and did not materially misstate the law." White I, 684 N.W.2d at 509.

[4]Indeed, White cited a lone Minnesota state case in support of his "fair trial" argument before the Minnesota Supreme Court. That case, however, makes no mention of the Federal Constitution. That White's briefing, with respect to the alleged erroneous jury instructions, lacked any reference to the Federal Constitution or relevant case law is not surprising given his focus on their impropriety as a matter of *state* law.

have repeatedly held that a federal habeas petitioner does not fairly present a federal issue to the state courts unless he refers to a *specific* federal right or federal constitutional provision, or cites pertinent case law discussing the federal issue in question. For example, in Jones v. Luebbers, 359 F.3d 1005 (8th Cir. 2004) (a case cited by White), we concluded that the habeas petitioner fairly presented a federal due process claim to the state courts by expressly referring to the Due Process Clause of the Fourteenth Amendment. Jones, 359 F.3d at 1012; see also Wyldes v. Hundley, 69 F.3d 247, 251 (8th Cir. 1995), cert. denied, 517 U.S. 1172 (1996) ("At minimum, though, the petitioner during direct appeal must have explicitly referred the state courts to the United States Constitution or federal case law."). Thus, White did not fairly present the "federal fair trial" claim to the Minnesota Supreme Court by claiming generally that a defendant's due process rights are violated when a trial court fails to instruct a jury properly.

**B**

White also argues that challenging Minnesota's accomplice statute on federal due process grounds was sufficient to raise a federal due process challenge with respect to the erroneous jury instructions, i.e., that the trial court denied him of the right to a fair trial by instructing the jury incorrectly. We disagree. These were distinct federal constitutional challenges, and as such raising one does not impliedly raise the other.

White argued Minnesota's accomplice statute was unconstitutional because it allowed the State to convict him "without the requisite mental state," White I, 684 N.W.2d at 508; and that the statute which permitted the State to do so is a federal due process violation under In re Winship, 397 U.S. 358 (1970). That challenge was, however, wholly distinct from his "federal fair trial" claim which alleged a deprivation of federal due process on account of the jury being improperly instructed. These challenges were therefore alike only to the extent they both alleged federal due process violations. But fairly presenting a particular federal challenge with respect

-5-

to one issue does not serve to fairly present that federal challenge with respect to any issue. Cf. Baldwin, 541 U.S. at 30-33 (observing that a habeas petitioner who raises a federal ineffective assistance of trial counsel claim does not also raise a federal ineffective assistance of appellate counsel claim when his state petition only references the Federal Constitution with respect to his trial counsel claim even though the petition contained both ineffective assistance of trial and appellate counsel claims); see also Gray v. Netherland, 518 U.S. 152, 162-65 (1996) (explaining that petitioner, who asserted both "notice-of-evidence" and "misrepresentation" federal due process challenges with respect to the introduction of certain evidence, does not fairly present both challenges by merely presenting one or the other to the State's courts). Accordingly, we reject White's contention that he fairly presented the "federal fair trial" claim to the Minnesota Supreme Court by challenging the constitutionality of Minnesota's accomplice statute on federal due process grounds.

## C

Finally, we find no merit to White's argument that he has established cause and prejudice to excuse his procedurally defaulted "federal fair trial" claim.[5]

## IV

For the foregoing reasons, we affirm the judgment of the district court.

_____

---

[5]White concedes that the"federal fair trial" claim is procedurally defaulted if he did not "fairly present" it on his direct appeal to the Minnesota Supreme Court.