# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1744

_____

Wilbert L. Johnson,

          Appellant,

v.

Ray Hobbs, Director, Arkansas
Department of Correction,

          Appellee.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Arkansas.
\*
\*
\*
\*

_____

Submitted: January 11, 2012
Filed: May 1, 2012

_____

Before WOLLMAN, LOKEN, and GRUENDER, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Wilbert L. Johnson appeals the dismissal of his petition for writ of habeas corpus. The district court[1] determined that the petition was filed after the expiration of the one-year statute of limitations. See 28 U.S.C. § 2244(d). We granted a

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas.

certificate of appealability to consider whether the statute of limitations should have been equitably tolled. We affirm.

I.

On April 22, 2008, a jury found Johnson guilty of felony breaking or entering, misdemeanor theft of property, and misdemeanor fleeing. Following the conviction, the Pulaski County Circuit Court sentenced Johnson to fifteen years' imprisonment. He appealed to the Arkansas Court of Appeals, arguing that the evidence was insufficient to support his conviction for breaking or entering. The court of appeals affirmed on March 18, 2009, Johnson v. State, No. CACR 08-969 (Ark. Ct. App. Mar. 18, 2009) (unpublished), and issued its mandate on April 7, 2009. Johnson did not seek direct review from the Arkansas Supreme Court.

On April 3, 2009, Johnson filed a petition under Arkansas Rule of Criminal Procedure 37, seeking post-conviction relief from the circuit court. On June 3, 2009, Johnson filed an amended petition. Throughout June and July 2009, Johnson filed three additional Rule 37 petitions, without ever seeking leave to amend the initial petition. The petitions raised a number of claims, alleging, among other things, that Johnson was deprived of a fair trial and that Johnson's attorney provided ineffective assistance. In response, the state argued that Johnson was not entitled to relief because he failed to state specific reasons to show that his claims had merit. The state pointed out that Johnson amended his petition without leave of court, in contradiction to Rule 37.2(e), but it went on to address the grounds listed in his last-filed petition.[2]

---

[2]Johnson named his petitions as follows: Rule 37 Petition, Amended Rule 37 Petition, Second Amended Rule 37.1 Petition, Corrected Second Amended Rule 37.1 petition, and Third Amended Rule 37.1 Petition.

By order filed on December 28, 2009, the circuit court denied any post-conviction relief. It concluded that Johnson was not denied effective assistance of counsel and that his remaining claims for relief were addressed on direct appeal or barred because they should have been raised on direct appeal. The order did not address whether Johnson's petition was timely filed, but rather it appeared to have considered Johnson's amended petitions—like the state did in its response—in denying Johnson's claims on the merits.

Johnson filed an appeal with the Supreme Court of Arkansas, moving for appointment of counsel, an extension of time to file his appellate brief, and a copy of a transcript. Before any appellate briefs were filed, the state supreme court declared the motions moot and dismissed Johnson's appeal. It held that Johnson's petition was not timely filed because he filed it before the court of appeals's mandate issued and thus before the circuit court had regained jurisdiction. Johnson v. State, No. CR 10-309, 2010 WL 1838289 (Ark. May 6, 2010) (unpublished) (per curiam). The state supreme court's decision stated that "[b]ecause the trial court lacked jurisdiction at the time appellant filed his petition, the circuit court was limited to dismissing the petition." Id. at *1. The order of dismissal was filed on May 6, 2010, and did not address the fact that the trial court considered claims raised in an amended petition. Johnson moved for reconsideration, arguing that the state supreme court considered the wrong petition because the circuit court filed his initial petition with the state supreme court. According to Johnson, he amended his petition and filed it within Rule 37's time limits. Johnson argued that the circuit court ruled on his Third Amended Petition because the court considered at least one argument that was not raised in his initial petition. On June 24, 2010, the state supreme court denied Johnson's motion for reconsideration without comment.

Johnson filed a federal application for writ of habeas corpus on July 30, 2010. In a report and recommendation, the magistrate judge determined that Johnson's application was filed after the applicable statute of limitations had run and that

Johnson was not entitled to statutory or equitable tolling. The district court adopted the report and recommendation in its entirety and dismissed Johnson's petition with prejudice. D. Ct. Order of Mar. 28, 2011. We granted a certificate of appealability to decide whether Johnson was entitled to equitable tolling based on his filing of amended petitions for post-conviction relief following his initial premature petition.

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year statute of limitations applies to a state prisoner's application for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." Gonzalez v. Thaler, 132 S. Ct. 641, 646 (2012). Johnson did not pursue his direct appeal to the Arkansas Supreme Court, and thus his conviction became final on April 7, 2009, when he could no longer seek review from that court.[3] See Parmley v. Norris, 586 F.3d 1066, 1073 (8th Cir. 2009) (holding that the Arkansas Court of Appeals was not the "state court of last resort").

The statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

_____

[3]The Arkansas Court of Appeals denied Johnson's direct appeal on March 18, 2009. A petition to review a decision of the court of appeals "must be filed within 18 calendar days from the date of the decision . . . ." Ark. Sup. Ct. R. 2-4(a). When the last day for filing a petition for review "falls on a Saturday, Sunday, or legal holiday, the time for such action shall be extended to the next business day." Ark. R. App. P. Crim. R. 17. Eighteen days from March 18 is April 5. In 2009, April 5 fell on a Sunday. Accordingly, the last day for Johnson to appeal his conviction to the Arkansas Supreme Court was April 6, 2009.

claim is pending[.]" § 2244(d)(2). The district court ruled that Johnson was not entitled to statutory tolling because his initial Rule 37 petition was filed before the Arkansas Court of Appeals's mandate issued and thus was not "properly filed." The district court also concluded that Johnson was not entitled to equitable tolling because his "'misunderstanding of the proper procedures for filing a Rule 37 petition under Arkansas law' is not grounds for equitable tolling." Report and Recommendation of Mar. 11, 2011, at 6 (quoting Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004)). The certificate of appealability is limited to the issue of whether Johnson is entitled to equitable tolling.

"[Section] 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Johnson's diligence in pursuing his rights is undisputed, and he contends that the following events constitute an extraordinary circumstance sufficient to toll AEDPA's statute of limitations: the Arkansas Supreme Court overlooked the timely Rule 37 petition Johnson filed on June 3, 2009; failed to address whether the subsequent petitions were proper amendments; and dismissed his appeal more than one year after his conviction became final. The timing of the dismissal prevented him from filing a timely application for a writ of habeas corpus under 28 U.S.C. § 2244.

The extraordinary circumstance that prevents a petitioner from timely filing his federal application must be external to the petitioner and not attributable to his actions. Riddle v. Kemna, 523 F.3d 850, 857 (8th Cir. 2008) (en banc) (abrogated on other grounds by Gonzalez,132 S. Ct. at 653-54). The state argues that Johnson failed to show that an extraordinary circumstance stood in the way of filing a timely petition. According to the state, the onus was on Johnson to seek leave to amend his original

-5-

untimely petition and that by failing to do so Johnson did not ensure that his petition was properly filed.

Under Arkansas law, Johnson was required to file his Rule 37 petition "within sixty (60) days of the date the mandate was issued by the appellate court." Ark. R. Crim. P. 37.2(c). As set forth above, Johnson filed his first petition before the mandate issued and thus his original petition was untimely.[4] Id.; see Tapp v. State, 920 S.W.2d 482, 483 (Ark. 1996) (per curiam) ("The petition must be filed *after* the mandate is issued because, when a case is directly appealed, the circuit court does not regain jurisdiction over the case until that event occurs."). Although the petitioner must raise all grounds for relief in his original petition, Ark. R. Crim. P. 37.2(b), "the petition may be amended with leave of the court" before the court acts upon the petition, id. 37.2(e).

It is undisputed that Johnson's first petition was untimely and that he did not seek leave to amend that petition. Typically, a petitioner's pro se status and failure to follow rules for filing state post-conviction petitions do not constitute extraordinary circumstances. See, e.g., Shoemate, 390 F.3d at 598 (holding that pro se petitioner's "misunderstanding of the Arkansas rules, statutes, and the time period set forth therein do not justify equitable tolling"). Johnson argues that the Arkansas Supreme Court's oversight of his Amended Rule 37 Petition prevented him from filing his application for habeas review within AEDPA's statute of limitations. He further contends that his case is similar to the facts that established an extraordinary circumstance in White v. Dingle, 616 F.3d 844 (8th Cir. 2010).

---

[4]In 2011, Rule 37.2(c) was amended to include a "deemed filed" rule: "If a petition is filed after a conviction is affirmed by the appellate court but before the mandate is issued, the petition shall be treated as filed on the day after the mandate is issued." Ark. R. Crim. P. 37.2(c)(ii) (2011).

In White, the petitioner had filed a timely application for federal habeas review. After the AEDPA statute of limitations had run, the district court determined that the habeas application contained at least one unexhausted claim, dismissed the application without prejudice, and granted a certificate of appealability on the question whether the claims were exhausted. We affirmed the dismissal, but we did not address White's argument that we should remand the case with instructions to allow him to voluntarily dismiss the unexhausted claims and have the remaining claims adjudicated on the merits, a procedure we had previously endorsed. See id. at 846. When the petitioner returned to the district court, he moved to amend his petition to dismiss any unexhausted claims. The district court denied the motion because the statute of limitations had long since expired. On appeal, we held that the AEDPA statute of limitations should have been equitably tolled because White pursued his claim diligently and because our earlier decision constituted an extraordinary circumstance that prevented White from obtaining federal review of his exhausted claims. Id. at 848-49. We explained that there was "no indication that our failure to remand White's case was anything other than an oversight." Id. at 848. We noted that remand "would have been fully consistent with the Supreme Court's directive in Rhines v. Weber to avoid dismissal without prejudice when it would unreasonably jeopardize a petitioner's access to review of his exhausted claims." Id. (citing Rhines v. Weber, 544 U.S. 269, 278 (2005)).

Unlike our first order in White, we cannot say that the Arkansas Supreme Court's orders dismissing Johnson's appeal and denying his motion for reconsideration were most likely the result of an oversight. In his motion for reconsideration, Johnson argued that he properly filed his Rule 37 petition and that the circuit court accepted his Third Amended Petition. Despite this argument, the motion was denied. Moreover, unlike our failure to remand in the first instance in White, the Arkansas Supreme Court did not fail to follow an established procedure that would have allowed Johnson's claims to be heard. Given that Johnson failed to file a timely petition and thereafter failed to move to amend his original untimely petition, we hold

that he cannot show that an extraordinary circumstance, external to himself and not attributable to his actions, prevented him from timely filing his application for a writ of habeas corpus.  Accordingly, his federal habeas application was untimely.

III.

The district court's judgment dismissing the petition is affirmed.

_____